[Crim. No. 1150. First Appellate District, Division One.—August 20, 1923.]

## Ex parte JAMES APAKEAN on Habeas Corpus.

[1] CRIMINAL LAW — TIME OF TRIAL — WAIVER—CONSENT—PRESUMPTION.—Consent by a defendant in a criminal prosecution to fixing a day beyond the sixty-day period prescribed by subdivision 2 of section 1382 of the Penal Code for trial will be presumed where he was present in court when the day of the trial was so fixed and made no objection thereto.

APPLICATION for a Writ of Habeas Corpus to secure the release of petitioner from custody on the ground that he had not been brought to trial within proper time. Denied.

The facts are stated in the opinion of the court.

Vincent W. Hallinan for Petitioner.

Matthew Brady, District Attorney, and Alden Ames, Deputy District Attorney, for Respondent.

ST. SURE, J.—Petitioner asks our indulgence for a presentation of this matter anew, stating that we were in error in assuming as a fact in our opinion (Crim. No. 1149), heretofore delivered on August 15, 1923 (*ante,*

---

1. Failure to demand trial as waiver of right to speedy trial, notes, 56 L. R. A. 538; 44 L. R. A. (N. S.) 871.

p. 438 [218 Pac. 767]), that when the cause was called for trial on July 25th, the sixty-day period, prescribed by subdivision 2 of section 1382 of the Penal Code, had not run. Petitioner now says that through inadvertence he neglected at the hearing to call our attention to the fact "that sixty days had expired from the filing of the information to the twenty-fifth day of July, 1923." [1] The facts presented in the matter are correctly set forth in our former opinion, but it does not appear therein, as petitioner now admits, that, when on June 16, 1923, the cause was set for trial for the twenty-fifth day of July, 1923, petitioner was present in court and made no objection to setting the trial of the cause beyond the sixty-day limit. Consent will, therefore, be presumed (*People* v. *Rongo,* 169 Cal. 71, 73 [145 Pac. 1017]). Indeed, petitioner alleges in this behalf that when the cause was called for trial on July 25th, he was ready and willing to proceed. We think the conclusion reached by us in our former opinion, that petitioner has waived the privilege accorded to him by the statute, is correct, and the petition for a writ is therefore denied.

Richards, J., and Tyler, P. J., concurred.