[Crim. No. 1159. First Appellate District, Division One.—October 8, 1923.]

## Ex parte THOMAS WHEATLEY SHACKLEFORD on Habeas Corpus.

[1] HABEAS CORPUS—ISSUANCE OF WRIT—SHOWING REQUIRED.—Before a writ of *habeas corpus* is granted, sufficient probable cause must be shown to enable the court to form some judgment in the case; and if it appears from the petitioner's statement that he has no sufficient ground for his discharge the court should not issue the writ.

[2] CRIMINAL LAW — TIME OF TRIAL — CONSENT—PRESUMPTION.—Consent by a defendant to a trial of a criminal prosecution against him beyond the sixty-day period provided for by section 1382 of the Penal Code will be presumed where there is nothing in the record to indicate that defendant made any objection to the actual trial proceedings.

[3] ID.—UTTERING CHECK—SECTION 476A, PENAL CODE—SUFFICIENCY OF INFORMATION.—An allegation in an information, charging a

---

3. Mere drawing of check on a bank in which the drawer has no funds or credit, and passing the same, as false pretense, notes, 8 Ann. Cas. 1069; 14 Ann. Cas. 510; Ann. Cas. 1916E, 736; 17 L. R. A. (N. S.) 244; 27 L. R. A. (N. S.) 1032; 52 L. R. A. (N. S.) 919.

violation of section 476a of the Penal Code, that the defendant uttered the check, taken in connection with the allegation that the act was done with intent to defraud, and the further allegation that the defendant knew that he had no sufficient funds in or credit with the bank to meet the payment of the check, states a public offense.

[4] Id.—Intention to Defraud—Punishment.—Section 476a of the Penal Code, making it a crime to utter, with intent to defraud, a check without sufficient funds in, or credit with, a bank, does not purport to punish the "intention to defraud."

APPLICATION for Writ of Habeas Corpus to secure release from custody after conviction for violation of section 476a of the Penal Code.    Writ denied.

The facts are stated in the opinion of the court.

Thomas Wheatley Shackleford, *in pro. per.*, for Petitioner.

TYLER, P. J.—Application for writ of *habeas corpus* prayed to be directed against the sheriff of the city and county of San Francisco to secure the release of defendant from custody.

The petition recites that in violation of the constitution of the United States and of this state he is unlawfully detained and restrained of his liberty by said sheriff, who claims the right to his custody by virtue of a commitment issued out of the police court of San Francisco dated June 30, 1923, holding petitioner to answer for a felony, to wit, violating the provisions of section 476a of the Penal Code, in that he did make, draw, utter, and deliver to the Hastings Clothing Company a certain check and draft for the payment of money drawn on a certain bank. Attached to the petition is a copy of the information filed on the nineteenth day of July, 1923, charging defendant with a violation of section 476a of the Penal Code. No other record is before us. It appears from recitals in the record that on July 31, 1923, petitioner was arraigned before Honorable Harold Louderback, sitting during the vacation of Honorable Michael J. Roche of department six of the superior court, and pleaded not guilty to the charge, and requested a transfer of said cause to another department so that he might have a speedy trial. This motion was denied, and the cause was put over until September 4, 1923,

to be set down for trial after Judge Roche's return. Upon said day the court, over defendant's objection, set the date of trial for September 20, 1923. On this day defendant made a motion to dismiss, which was denied, and the cause was set for trial the following day. Trial was then had, and defendant was found guilty.

It is first claimed that the case was set for trial beyond the sixty days provided for by section 1382 of the Penal Code, and that the motion to dismiss should have been granted. **[1]** Before a writ of *habeas corpus* is granted, sufficient probable cause must be shown to enable the court to form some judgment in the case; and if it appears from the petitioner's statement that he has no sufficient ground for his discharge the court should not issue the writ. **[2]** Nothing appears in the record before us to indicate that defendant made any objection to the actual trial proceedings. His consent must therefore be presumed. (*Ex parte Apakean,* 63 Cal. App. 481 [218 Pac. 768].)

The second point made is that section 476a of the Penal Code and the information herein contravene the constitution of the United States, because said section purports to punish the intention to defraud independent of any actual fraud or attempt to defraud any person, and that said information does not allege any fraud or attempt to defraud the Hastings Clothing Company or anyone else.

**[3]** The allegation that petitioner uttered the check, taken in connection with the other allegations that the act was done with intent to defraud the company, and the further allegation that petitioner knew that he had not sufficient funds in or credit with the bank to meet the payment of the check, clearly states a public offense (*People* v. *Russell,* 156 Cal. 450, 455 [105 Pac. 416]). In the same case (156 Cal. 459 [105 Pac. 420]), the court quoted the following language: "The intent of the legislature evidently was to make it a crime to draw and utter a draft or check upon a bank or depositary for the payment of money, for the reason that such drafts or checks are not usually drawn unless the drawer has funds in such bank or with such depositary to meet the check or draft. . . . It was to prevent the fraudulent making and uttering of such drafts or checks that the section was enacted. The act applies to the whole

class of persons who draw and utter checks with intent to defraud, upon the persons named in the section.''

In the case of *People* v. *Walker*, 15 Cal. App. 400 [114 Pac. 1009], the court said that the intent with which a check is "deposited" was a question exclusively for the jury; and the intent with which a person does an act may be inferred from all the surrounding circumstances.   [4]   Taken in connection with the language in *People* v. *Russell, supra,* it is plain that petitioner has not been deprived of his rights under the constitution, as it clearly appears that the section in question does not purport to punish the "intention to defraud.''

The writ is denied.

St. Sure, J., concurred.