[Crim. No. 1454. Second Appellate District, Division Two.—March 4, 1927.]

In the Matter of the Application of WILLIAM H. SCOTT for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—TIME OF TRIAL—EFFECT OF MISTRIAL.—The sixty-day period within which a defendant must be brought to trial, under subdivision 2 of section 1382 of the Penal Code, in the first instance runs from the filing of the information or indictment, but another sixty-day period starts from the time of the determination of a mistrial.

[2] ID.—DELAY IN BRINGING TO TRIAL—CONSENT—PRESUMPTIONS.— Where defendant was present and did not object when his trial was set for a date more than sixty days after filing of the information, his consent to the delay is presumed.

(1) 16 C. J., p. 445, n. 75.   (2) 16 C. J., p. 448, n. 52.

APPLICATION for a Writ of Habeas Corpus to secure release from custody for failure to bring cause to trial within sixty days from time of filing information. Writ discharged and petitioner remanded.

The facts are stated in the opinion of the court.

Light & Lane for Petitioner.

Asa Keyes, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

THOMPSON, J.—This is an application for the release of petitioner on *habeas corpus* for the reason that he was not brought to trial within sixty days from the filing of the

1. Computation of time for trial, note, 85 **Am. St. Rep.** 199. See, also, 8 **R. C. L.** 71. Delay of prosecution where there is mistrial as ground for discharge, note, 56 **L. R. A.** 519. See, also, 8 **Cal. Jur.** 202, 203.

2. Waiver of right to be discharged for failure to give speedy trial, note, 85 **Am. St. Rep.** 197. See, also, 8 **Cal. Jur.** 207, 8 **R. C. L.** 74. Demand for trial as condition precedent to discharge for delay, notes, 56 **L. R. A.** 538; 44 **L. R. A. (N. S.)** 871. See, also, 8 **R. C. L.** 74.

information, as provided in subdivision 2 of section 1382 of the Penal Code. The petition shows that the information was filed on August 6, 1926; and thereafter, without objection by petitioner, was set for trial for October 6, 1926, that on October 6, 1926, petitioner made a motion to dismiss because he was not brought to trial within the sixty-day period, which motion was denied; that after trial and a verdict of guilty the court on October 21, 1926, granted a motion for a new trial and set the cause for retrial on October 28, 1926, and on the last-mentioned day continued the cause until December 8, 1926.

[1] In the case of *In re Begerow*, 133 Cal. 349 [85 Am. St. Rep. 178, 56 L. R. A. 513, 65 Pac. 828], it was determined that the sixty-day period in the first instance runs from the filing of the information or indictment, but that after a mistrial another sixty-day period starts to run from the time of the determination of the mistrial. In this case the time would start to run on October 21, 1926, the date of the order granting the motion for a new trial. In the case just mentioned one of the controlling reasons for the construction adopted was the protection of defendant's right to a speedy trial after the first attempt resulted in a mistrial. The same construction was assumed in the case of *Ex parte Ross*, 82 Cal. 109 [22 Pac. 1086]. We take such to be the settled law of this state. In this case the new sixty-day period did not expire until December 20, 1926, and therefore the defendant's right in this particular was not denied him.

[2] And, in so far as the delay before October 6, 1926, is concerned, his petition shows that he was present and did not object at the time it was set for trial on that date. Under these circumstances consent is presumed. (*People* v. *Magee*, 60 Cal. App. 459 [213 Pac. 513]; *People* v. *Rongo*, 169 Cal. 71 [145 Pac. 1017]; *People* v. *Douglass*, 100 Cal. 1 [34 Pac. 490]; *Ex parte Apakean*, 63 Cal. App. 481 [218 Pac. 767]; *People* v. *Shackleford*, 64 Cal. 78 [220 Pac. 430].)

Writ discharged and petitioner remanded.

Works, P. J., and Craig, J., concurred.