[Crim. No. 2739. Second Appellate District, Division One.—September 16, 1935.]

THE PEOPLE, Respondent, v. A. E. ROSE, Appellant.

Arthur S. Guerin for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

ROTH, J., *pro tem.*—Defendant Rose was charged with and convicted of the crime of issuing a check without sufficient funds in violation of section 476a, Penal Code. The trial was by the court alone, a jury having been regularly waived.

The record shows that on August 6, 1934, defendant asked one MacIntyre, with whom he had had prior business dealings, to cash a check for him in the amount of $150. At the time of the request, both parties were in the bank with which MacIntyre transacted business, located in Hollywood. The defendant, according to MacIntyre, stated that inasmuch as his bank was in Beverly Hills "it was too far to go to his bank and he wanted to get some cash to pay for something". MacIntyre cashed the check. On that day and for some days prior thereto and thereafter, defendant had practically no balance in his bank, and was in fact on a number of the days immediately preceding and succeeding the date of August 6, 1934, overdrawn at his bank in small amounts. Defendant contended that he told MacIntyre he had no money in the bank and that he was "strapped" for cash and wanted to borrow the $150 in question. The evidence is in direct conflict, and while the testimony of defendant, which testimony alone constituted his defense, if believed to be true by the trial court, would settle the matter in his favor, the evidence submitted by the People unquestionably sustains the judgment of the court.

It is no doubt settled that the utterance of a check "with intent to defraud" must be proved by the prosecution (*People* v. *Becker*, 137 Cal. App. 349, 351, 352 [30 Pac. (2d) 562]), and defendant was given ample opportunity to prove that he had no such intent. The mere fact, however, that the defendant testified that he had no such intent does not close this phase of the matter. The facts and circumstances were such that the intent could have been easily inferred from the whole evidence, as it undoubtedly was by the trial court.

(*People* v. *Becker, supra,* p. 352.)   In pronouncing its verdict upon the close of the evidence, after argument and upon submission of the case, the trial court said: "Well, as the district attorney has said, if the court believes the testimony of the defendant, he has a defense to this action.   There is, of course, a very sharp conflict between the testimony of the complaining witness and the testimony of the defendant.   To my mind, there is no question at all as to where the truth lies.   The court will find the defendant guilty."

It would serve no useful purpose to review all the evidence in detail.   It is sufficient to say that there not only is evidence to sustain the judgment, but that the evidence in support of the judgment is abundant and ample.   It is patent, therefore, that the judgment of the trial court cannot be disturbed, even though we might differ (which we do not) as to the conclusion of guilt or innocence which might be drawn from the conflicting evidence.   (*People* v. *Tom Woo,* 181 Cal. 315 [184 Pac. 389].)   In the Woo case at page 326, the court says: "For it is the function of the jury in the first instance, and of the trial court after verdict, to determine what facts are established by the evidence, and before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground we are discussing it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below."

The record of this case shows "sufficient substantial evidence" to support the hypothesis of guilt.

The judgment and the order denying motion for a new trial are affirmed.

Houser, Acting P. J., and York, J., concurred.