[Crim. No. 4983.   Second Dist., Div. Two.   Feb. 25, 1954.]

THE PEOPLE, Respondent, v. SIDNEY R. WEISS, Appellant.

D. L. Di Vecchio for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

FOX, J.—Defendant was convicted of issuing a check without sufficient funds, in violation of Penal Code, section 476a. He appeals from the ensuing judgment and order denying his motion for a new trial.

Defendant was general manager of the Summit Furniture Manufacturing Company, a copartnership comprised of the four Rogal sisters. Elizabeth was the active partner of the firm. The company was engaged in assembling bedroom suites, of which there were a number in stock in the process of completion. When defendant was made general manager he was placed in charge of the company's entire operations. At about 4 o'clock in the afternoon on March 31, 1952, defendant telephoned the W. E. Cooper Lumber Company seeking to open an account for the furniture company and stated that he wanted to purchase for the company 2,000 feet of Ponderosa pine. He was advised that it was too late to open an account because his references could not be checked. Defendant then stated that he had already dispatched the truck to the lumber company hence could not send a check along with the driver. He suggested, however, that someone from the lumber company could come by and pick up the check. Based on this arrangement, the order was filled and Mr. Rene, assistant manager of the lumber company, was handed a check by the defendant in the sum of $180 in payment for the lumber. This check was signed by defendant, who was authorized to sign for the furniture company, and was drawn on the Vermont and Hollywood branch of the Security-First National Bank of Los Angeles. That account, however, had been closed on March 5th by the bank's applying the balance of $11.34 to an overdraft and then ordering the account closed. The account was not thereafter opened and no arrangements were made for credit. Accordingly, the check was not paid and is the basis of this prosecution.

During the latter part of March the furniture company was in a precarious financial condition; defendant was aware of that fact. The company actually went into bankruptcy on April 14th. Sometime during the period between March 23d and March 31st Miss Rogal instructed defendant not to make out any more checks. Defendant, however, instructed Miss Rogal to make out the payroll checks for April 2d. She did this upon his promise that he would not sign them.

Defendant testified he had nothing to do with the company's books or finances. He denied having any intent to cheat or defraud when he ordered the lumber from the lumber company and gave the check of March 31st in payment. He also denied the conversation testified to by Miss Rogal concerning the payroll checks, and that he had been told, in

the period between March 23d and 31st, not to sign any more checks. He admitted he knew the business was struggling and that the payroll of April 2d would be difficult to meet. He was hoping, he said, to get an order made up, to make delivery, and to get the money in. He stated that when his services were terminated on April 9th the company owed him approximately $1,150 back pay. He acknowledged that he and his assistant took care of the company bills, wrote checks in payment, and that when money came in he would send his assistant or Miss Rogal to the bank to make the deposit.

Defendant contends (1) that the evidence is insufficient to sustain the conviction; (2) that the amended information fails to state a public offense; and (3) that he did not have a fair trial. There is no merit in any of these contentions.

■ Before a judgment of conviction can be set aside on the ground of insufficiency of the evidence it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below. ■ It is, of course, for the trial court to resolve the conflicts in the evidence and determine what facts are established and what inferences may be properly drawn therefrom. If the circumstances reasonably justify the verdict, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant, will not warrant a reversal. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

■ Applying these principles, it is clear that there is ample evidence to support the judgment. First, it must be noted that the trier of the facts has resolved the conflicts in the testimony against the defendant. Hence it is established that defendant was general manager of the furniture company, and handled its books and finances; that he knew the account on which the check in question was drawn had been closed since he conveyed this information to Miss Rogal; that no arrangements for credit with the bank had been made; that he knew of the precarious financial condition of the company; that he had been told prior to March 31st not to draw any more checks; that notwithstanding this knowledge and instruction he executed and delivered the check in question in order to induce the lumber company to furnish the lumber which he had ordered. Defendant also knew that he could not get this lumber without paying or purporting to pay for it upon delivery, since he had not been able to estab-

lish credit. The check was thus used to accomplish his desired purpose. These facts justify an inference that defendant had an intent to defraud and a present knowledge that there were neither funds nor credit with the bank upon which the check was drawn with which to honor it upon its presentation. ■ The requisite, specific intent to defraud may be inferred from all the surrounding circumstances. (*Ex parte Shackleford,* 64 Cal.App. 78, 81 [220 P. 430]; *People* v. *Walker,* 15 Cal.App. 400, 403-404 [114 P. 1009]; *People* v. *Rose,* 9 Cal.App.2d 174, 175 [48 P.2d 1009].) As stated in *People* v. *Wallin,* 34 Cal.2d 777, 780 [215 P.2d 1], ". . . it cannot be said, as a matter of law, that there is no evidence in the present record from which the trial court could have drawn inferences necessary to support a finding of guilt."

■ The court was not required to give credence to defendant's testimony that he did not give the check to the lumber company with the intent to defraud. (*People* v. *Rose, supra; People* v. *Walker, supra,* p. 404; *People* v. *Boyce,* 87 Cal.App. 2d 828, 830 [197 P.2d 842].)

■ The basic difficulty with defendant's argument on this phase of the case is that he would have us reweigh the testimony, reevaluate the credibility of the witnesses, and draw inferences contrary to those drawn by the trial court. Under firmly established principles, we are not at liberty to do this. (*People* v. *Gould,* 111 Cal.App.2d 1, 8 [243 P.2d 809].)

■ Defendant's contention that the amended information failed to state a public offense is based on the theory that since he was acting as the agent of Summit Furniture Manufacturing Company in the issuance of said check such fact must be alleged. This, however, is not necessary, for a criminal offense may be pleaded "in any words sufficient to give the accused notice of the offense of which he is accused." (Pen. Code, § 952.) ■ "Notice of the particular circumstances of the offense is given not by detailed pleading but by the transcript of the evidence before the committing magistrate" (*People* v. *Roberts,* 40 Cal.2d 483, 486 [254 P.2d 501]), of which defendant is entitled to receive a copy (Pen. Code, § 870). ■ Here the amended information declared the offense in such phraseology that defendant was intelligibly apprised of the act with which he was charged with sufficient certainty to enable him to make any defense thereto. He was not misled by any statement con-

tained in or omitted from the pleading. The transaction was so identified that defendant, by a proper plea, could protect himself against another prosecution for the same offense. (*People* v. *Silverman,* 33 Cal.App.2d 1, 5 [92 P.2d 507].) It would not have assisted defendant to include the fact that he was acting as an agent of the furniture company since this fact was best known to him. (See *United States* v. *Lynch,* 11 F.2d 298, 300.) Furthermore, such fact was not an element in the offense. ■ And, of course, defendant cannot escape criminal responsibility for his own acts even though he was also acting as the agent of the furniture company in the particular transaction. If all the necessary elements are present one may be guilty of the offense of issuing a check without sufficient funds whether he acts "for himself or as the agent or representative of another." (Pen. Code, § 476a.) There is no language in *People* v. *Newell,* 192 Cal. 659 [221 P. 622], essential to the holding therein that is not in harmony with the conclusion herein announced.

In support of defendant's contention that he did not have a fair trial he asserts that considering the evidence and his sentence to the penitentiary he "cannot help but feel that the trial court permitted itself to become prejudiced against him." The record contains nothing to justify such claim.

The judgment and the order are affirmed.

Moore, P. J., and McComb, J., concurred.