[Crim. No. 1015.   Fourth Dist.   Dec. 20, 1954.]

THE PEOPLE, Respondent, v. ALEXANDER L. OSTER, Appellant.

Alexander L. Oster, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Jay L. Shavelson, Deputy Attorney General, for Respondent.

MUSSELL, J.—Appellant was charged in an information with three counts of issuing bank checks without sufficient funds with intent to defraud, in violation of section 476a of the Penal Code. Count one alleged the issuance of a $50 check to an employee of the U. S. Grant Hotel in San Diego. Counts two and three each alleged the issuance of $25 checks to an employee of the San Diego Hotel. The check described in count one was drawn on the Main and Ninth Street Branch of the Bank of America National Trust and Savings Association and the checks in counts two and three were drawn on the International Office of the Bank of America National Trust and Savings Association.

Appellant appeared in the superior court in *propria persona,* pleaded not guilty and waived appointment of counsel and trial by jury. After he was found guilty as charged in the information, he moved for a new trial. This motion was denied and he was granted three years probation conditioned upon his spending the first 90 days in the county jail, making restitution of $150 to those defrauded and paying a fine of $150.

The only issues raised by this appeal are whether the evidence was sufficient to support the conviction and whether there was a constitutional waiver of a jury trial.

It was stipulated at the trial by appellant and the deputy district attorney conducting the prosecution that appellant wrote a total of four checks, two at the San Diego Hotel and

two at the U. S. Grant Hotel in said city; that the two checks written at the U. S. Grant Hotel were written March 11th and March 12th and that each check was for the sum of $50; that appellant wrote two checks at the San Diego Hotel, one on March 26th for $25 and the other on March 30th for a like amount; that these checks were cashed by appellant and that payment was not made on any of them; that the checks dated March 11th and 12th were drawn on the Ninth and Main Street Branch of the Bank of America in Los Angeles and at the time the checks were written appellant did not have an account in that bank and has never had an account in said bank; that the other two checks, the ones written March 26th and 30th, were drawn on the International Office of the Bank of America at 220 North Main Street, Los Angeles; that Mr. Oster at one time had an account at that bank, in the months of September, October and to the middle of November, 1953, and that the bank closed out that account November 18, 1953; that at the time these checks were cashed and at the time they were written "there was no discussion with the people who cashed them regarding any lack of their validity or any lack of funds that would not cause the checks to be made good."

The checks were offered and received in evidence and appellant then called Mr. Flanagan, assistant manager of the San Diego Hotel, as a witness. Mr. Flanagan testified that appellant checked into the San Diego Hotel around the last of March and did not check out of the hotel; that on April 4th they found appellant's room vacant, removed his baggage therefrom and marked him up as a "skip"; that appellant had stayed at the hotel on previous occasions and on one such occasion had made a cash deposit at the hotel and had a credit coming when he checked out. Flanagan further testified that he "oked" the check dated March 26, 1950 (Exhibit 1); that he questioned appellant as to whether the check was good or not and appellant stated that "it was all o.k."; and that the checks had been returned "no account."

Appellant was sworn as a witness in his own behalf and testified that he was an attorney; that on March 10th (Wednesday) he came to San Diego to do some work for a client who had agreed to pay him $100 per day whenever he could get down; that the client had gone to Los Angeles and was "due back" Monday; that he, appellant, did not have enough cash and therefore cashed two $50 checks at the Grant Hotel, expecting to obtain sufficient money to cover them from the

San Diego client and from the son of a client who owed him $150; that he left the Grant Hotel and went to Los Angeles without checking out and without taking his personal effects; that he became ill and was unable to return to San Diego; that he wrote to the hotel telling them to check him out and stating to them that he knew the checks would not clear; that he returned to San Diego about March 25th, Thursday, and checked in at the San Diego Hotel, where he cashed the two additional checks; that he then knew he did not have a balance at the International Office of the Bank of America to pay these checks; that on March 26th he tried to get some money from his San Diego client but the client was again in Los Angeles; that he was unable to obtain money from the client or from other sources but that he did not intend to defraud the hotel people.

▮▮▮ Appellant contends that there is no evidence of lack of credit within the meaning of Penal Code, section 476a, and no evidence of his intent to defraud. Neither contention is tenable. Appellant admitted that he had no funds in either bank at the time of drawing the checks involved and that he had written to the Grant Hotel stating that he knew the checks would not clear. He stipulated at the trial that he never had an account at the Main and Ninth Street branch (on which the check described in count one was drawn) and that his account at the International Office (on which the checks described in counts two and three were drawn) had been closed for over four months before the checks were drawn. Appellant testified that he expected to receive certain sums of money which would make possible subsequent deposits to cover the checks. He made no contention that he had made arrangements for credit at either bank and the evidence is sufficient to support a finding that no such arrangement was made. There was ample evidence to establish appellant's intention to defraud. He cashed the checks knowing that he did not have funds in the banks on which they were drawn to pay said checks or any of them and after he was unable to obtain funds in San Diego or Los Angeles to deposit in these bank accounts, he did not inform the employees at either hotel of that fact or that there were no funds on deposit to cover the checks. He informed Mr. Flanagan at the San Diego Hotel that the check of March 26th was "o.k.," knowing at the time that there were no funds to pay it and that his client from whom he expected to obtain money was in Los Angeles. He left both hotels without checking out and

without taking his personal effects. No funds were placed on deposit at either bank to meet these checks upon presentation.

An intent to defraud the person to whom a check was delivered is an essential element of the offense of issuing a check without sufficient funds. (*People* v. *Griffith,* 120 Cal.App.2d 873, 880 [262 P.2d 355].) However, it must be and is the subject of evidence in the same manner and to the same extent, depending on the same general rules of procedure, as is any other necessary fact in the case, and is a question of fact for the jury or court to determine. (*People* v. *Gaines,* 106 Cal.App.2d 176, 180 [234 P.2d 702].) The proof of such intent may be by circumstantial evidence if the circumstances are such as to reasonably justify an inference of the intent. (*People* v. *Wepplo,* 78 Cal.App. 2d Supp. 959, 965 [178 P.2d 853].) In the instant case appellant was given ample opportunity to prove that he had no such intent and while he testified to that effect, the circumstances and facts were such that the intent could be and was reasonably inferred from the whole evidence. (*People* v. *Rose,* 9 Cal.App.2d 174, 175 [48 P.2d 1009].)

Appellant further contends that there was no constitutional waiver of trial by jury. This contention is without merit. The clerk's transcript contains the following: "This being the time heretofore set for trial, comes now the District Attorney, by Marvin J. Mizeur, and comes defendant, in propria persona. Defendant waives his statutory right to trial by jury, and the District Attorney consents . . ." In *Walling* v. *Kimball,* 17 Cal.2d 364, 373 [110 P.2d 58], the rule is stated that:

"It is a well established rule in this state that 'an appellate court will never indulge in presumptions to defeat a judgment. It will never presume that an error was committed, or that something was done or omitted to be done which constitutes error. On the contrary, every intendment and presumption not contradicted by or inconsistent with the record on appeal must be indulged in favor of the orders and judgments of superior courts.' "

The presumption is that official duty has been regularly performed (Code Civ. Proc., § 1963, subd. 15) and that the minutes of the court are correct. The appellant does not contend that he did not waive a jury trial and the record is clear that he, in open court, expressly waived appointment of counsel as well as trial by jury. Even if we assume that

there was no express consent of the deputy district attorney to a waiver of a jury trial, there was no invasion of appellant's constitutional rights thereby. The conduct of the district attorney in going forward with the trial without demanding a jury constituted an express waiver upon his part. (*People* v. *Pughsley,* 74 Cal.App.2d 70 [168 P.2d 27].)

The judgment (order granting probation) and the order denying motion for a new trial are affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 19, 1955.