538

THE PEOPLE, Respondent, v. ROBERT TRAUGOTT
PFLUG, Appellant.

Russell Yeager, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged in two counts with violations of section 476a of the Penal Code in that he drew two checks upon the Brawley Branch of the Bank of America in favor of a certain hotel, with intent to cheat and defraud, and knowing that he did not have sufficient funds in or credit with the bank to meet the checks. He first pleaded not guilty, then changed his plea, and still

later again pleaded not guilty as to both counts. Trial by jury was waived and the court found him guilty on both counts. He was sentenced to prison, the sentences as to both counts to run concurrently. On this appeal from the judgment he is represented by an attorney appointed by this court.

 The sole contention here made is that the court decided the case by applying the wrong test, "in determining the defendant's guilt upon the state of mind and knowledge of the persons who cashed" these checks. It is argued that the true test is whether or not the defendant had a specific intent to defraud; that the defendant's testimony indicates that he had reason to believe and honestly believed that the checks would be paid; that he testified, with respect to each check, that he informed the person cashing it "that he was having money transferred and would have it in the bank"; that he admitted that he did not have an account in the Brawley Branch of the Bank of America but stated that he intended to transfer funds; that these statements indicate the absence of a guilty state of mind or a specific intent to defraud; that the fact that in each instance he asked for a blank check on a local bank indicated that he was transferring funds; and that had the trial judge applied the correct test and decided the case upon the evidence as to defendant's intent to defraud, and not as to the knowledge of the parties who cashed the checks, he would have found the defendant not guilty.

The contention that the court's finding of guilt resulted from the application of a wrong test is based upon a part of the court's oral remarks just before announcing that he found the defendant guilty. In the comment relied upon by the defendant the court was discussing a "second" question, raised by defendant's testimony, as to whether he had informed the persons cashing the checks that the money was not yet in the bank upon which the checks were drawn. His remark that "That is the real test" was made in connection with his discussion of that issue, and was not intended as the controlling test on the entire case. This was one of the matters to be considered in connection with the issue of intent. (*People* v. *Oster*, 129 Cal.App.2d 688 [278 P.2d 39].) The judge had previously discussed the "initial" issue, stating that the real test in that connection was whether the defendant had funds or credit with the bank upon which the checks were drawn. Later, he discussed the credibility of the witnesses, and indicated that he did not believe the

540

defendant. His remarks as a whole indicate that he was discussing two of the questions involved because of their effect upon the issue of intent, and not in disregard of that issue. ■ Moreover, it is the action taken, and not any of the reasons incidentally mentioned, which is controlling. (*People* v. *Shafer*, 101 Cal.App.2d 54 [224 P.2d 778].)

The persons who cashed the checks, respectively, testified that they saw the defendant write the checks; that there was then no conversation regarding the payment of the checks; and that the defendant did not at any time make any statement about transferring funds to cover the checks. One of the checks was given about midnight on a Saturday night, and the other the next morning. The person who cashed one of the checks, the owner of the hotel, testified that on that Sunday a police officer talked to him about another check which the defendant had given to the owner of an apartment house in Brawley and which had not been paid; that he told the defendant about this, and asked him if these two checks were good; that the defendant replied that "the funds were down and the checks were good"; and that the defendant explained the other matter by saying that the check he had given the apartment house owner had named the wrong bank and would have to be changed. Officers of the Brawley Branch of the Bank of America testified that the defendant had never had an account at that bank, had never made any request there for any transfer of funds from another bank, and that they had no record from any source of any such a request. The defendant testified that he had told the owner of the hotel that he was in the process of transferring funds from a certain bank in San Francisco. Not only did the owner of the hotel deny this but the appellant admitted, on cross-examination, that while he had previously had an account in that San Francisco bank, he knew that this account had been closed; that he had no account in the Brawley Branch of the Bank of America and had not visited that bank for the purpose of opening an account; and that he had twice been convicted of a felony. When asked what they were, he replied "N.S.F. checks." When asked what he meant by his statement that he had been "in the process of transferring funds," and what he had done in that connection, he replied that he had written to relatives in Oakland "to see about getting funds to take care of things"; and that "I figured I could get enough to get over the hump."

■ While there was some conflict, the evidence was amply sufficient to support the judgment, and the record

does not indicate that the judge, in weighing the evidence, failed to consider and decide the main issue as to whether or not the defendant had a specific intent to defraud. (*People* v. *Wallin,* 34 Cal.2d 777 [215 P.2d 1].)

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.