COUGHLIN, J. pro tem.
 
 *
 

 The defendant was charged with seven counts of issuing checks without sufficient funds
 
 *82
 
 (Pen Code, § 476a). There is no dispute that the cheeks were issued. Bach count concerned a separate check, in the following order: The first check, dated December 4, 1957, was in the sum of $11.98; the second cheek bore the same date and was in the sum of $283.92; the third and fourth checks, dated December 9 and 12, respectively, were in the sum of $15 and $10; and the fifth, sixth and seventh cheeks, dated December 21, respectively, were in the sum of $12.45, $12.07 and $5.65.
 

 The defendant entered a plea of not guilty to each count and was tried by a jury which rendered a verdict of not guilt;' on the first count, failed to reach a verdict as to the second count, and returned a verdict of guilty as to counts three to seven. Subsequently, the second count was dismissed. Judgment was entered on the- guilty verdicts sentencing the defendant to the state prison. He had been charged with and admitted a prior conviction. The defendant moved for a new trial and his motion was denied. He now appeals from the judgment and the order denying this motion.
 

 The defendant opened a commercial account in the Bank of America, San Dimas Branch, some time in May, 1957. This account was closed by the bank in September, 1957, with a debit balance in the sum of $21.94, attributable to service charges made against the account. It was the practice of the bank to send monthly statements to their customers. On November 29, 1957, this account was reopened by a deposit of $63.50. A further deposit in the sum of $85 was made on December 3d. No other’ deposits were made thereafter. On December 4, after crediting the foregoing deposits and debiting withdrawals and service charges, the balance in the defendant's account was $104.18. On December 5th further withdrawals reduced the balance to $40.25. At the time the checks described in counts three to seven were issued the status of defendant’s account was as follows:
 

 December 9, overdrawn in the amount of $ .45 December 12, overdrawn in the amount of $ 7.45 December 21, overdrawn in the amount of $23.95.
 

 The increasing debit balance after December 9th was attributable to charges made for processing checks not covered by sufficient funds on deposit or other service charges. The defendant had no arrangement with the bank authorizing him to issue checks in excess of the balance of his account.
 

 On December 4, 1957, the defendant issued a check for $11.98, which was not presented for payment until after his
 
 *83
 
 account was insufficient to pay the same. The jury found him not guilty with respect to the charge involving this cheek.
 

 Also, on December 4th, the defendant issued a check in the sum of $283.92, in payment of a power saw. At this time his account was clearly insufficient to pay this amount. He contended that the payee of the check was told that he did not have sufficient money in his account to pay this check. The payee testified to the contrary. The check was presented to the bank and returned to the payee, who repossessed his power saw but thereafter released it to the defendant upon the payment of $183.92 and the promise to pay the balance of $100. The jury was unable to agree upon a verdict with respect to the charge concerning this check.
 

 With respect to the checks drawn on and after December 9th, when there was not sufficient funds in the account to cover the same, the jury found the defendant guilty.
 

 In June, July and August of 1957 there were a total of 17 overdrafts on the defendant’s account. Overdraft notices had been sent to him. On some occasions the checks were returned to him. On other occasions payment on a subsequent date was possible because of deposits made before the cheeks were returned. The bank sent the defendant overdraft notices with respect to all checks which were not honored.
 

 After his arrest, when interrogated by a police officer, the defendant admitted issuing all of the checks and also admitted that he knew he did not have sufficient funds in his account to cover the checks referred to in counts five, six and seven. He was not asked about, and did not deny knowledge of, the insufficiency of his account to cover the checks described in counts three and four. In a written statement signed by the defendant, dated June 6, 1958, he said: “In reference to the checks I issued with insufficient funds, except for possibly the first one (December 4, 1957) . . . Joanna knew there was no available funds to cover them. I let her talk me into writing them and she has admitted this in the presence of several other people. ...” Joanna was a friend of the defendant who had passed the checks described in counts three and four.
 

 On several occasions in December, when the defendant visited his sister, he tried to borrow money from her, stating that he needed the money to cover some checks.
 

 The defendant testified that he believed he had sufficient money in his account to pay the checks on the day issued, with the exception of the one involved in the power saw transaction.
 

 
 *84
 
 Although the defendant was arrested in February, 1958, the information in the present proceeding was not filed in the superior court until August 29, 1958. It appears that prior proceedings had been instituted and dismissed; that the court reporter at the original preliminary hearing died before transcribing the testimony at that hearing; that the defendant objected to proceeding in the superior court without such a transcript; and that, as a consequence, the original proceedings were dismissed and the present proceedings were instituted. The defendant was arraigned and entered a plea on September 5, 1958, and his trial was set for October 27, 1958. No objection was made to the date of trial.
 

 Through his attorney, the defendant contends that the judgment should be reversed because of the insufficiency of the evidence to establish an intent to defraud and because he was not granted a speedy trial.
 

 An intent to defraud and knowledge of a lack of sufficient funds or credit with the drawee bank at the time the check is made are essential elements of the offense denounced by section 476a of the Penal Code, usually described as issuing cheeks without sufficient funds.
 
 (People
 
 v.
 
 Wellington,
 
 85 Cal. App.2d 310, 313 [193 P.2d 330];
 
 People
 
 v.
 
 Oster,
 
 129 Cal.App. 2d 688, 692 [278 P.2d 39].) To support a conviction of that offense the evidence must establish that the person had such an intent and knowledge. However, these elements are the subject of evidence in the same manner and to the same extent as any other essential fact in the case.
 
 (People
 
 v.
 
 Oster, supra,
 
 129 Cal.App.2d 688, 692.) They may be established by circumstantial evidence.
 
 (People
 
 v.
 
 Wellington, supra,
 
 85 Cal.App.2d 310, 313;
 
 People
 
 v.
 
 Weiss,
 
 123 Cal.App.2d 487, 491 [266 P.2d 924] ;
 
 People
 
 v.
 
 Oster, supra,
 
 129 Cal.App.2d 688, 692.)
 

 The jury was not required to accept the defendant’s testimony that he did not have knowledge of the insufficiency of the funds in his account; that the checks were issued under a mistaken belief as to the balance in that account; and that in issuing them, he did not intend to defraud.
 
 (People
 
 v.
 
 Weiss, supra,
 
 123 Cal.App.2d 487, 491;
 
 People
 
 v.
 
 Rose,
 
 9 Cal. App.2d 174, 175 [48 P.2d 1009].) The undisputed evidence established that the defendant previously was convicted of a felony. The jury was entitled to consider this fact in determining his credibility.
 

 The jury’s verdict is adequately supported by the evidence of similar prior transactions over a period of time;
 
 *85
 
 that the defendant had received notices of overdrafts and the service charges made against him on account thereof; the inference that he had received monthly statements; the fact that he attempted to borrow money for the express purpose of covering his checks; his admissions to the police officer; and his attempt to implicate someone else.
 

 “The court must assume in favor of the verdict the existence of every fact which the trier of fact could have reasonably deduced from the evidence and then determine whether or not the guilt of the defendant is deducible therefrom. The question for the appellate court to pass upon is whether there was evidence in the record justifying the inference of guilt.”
 
 (People
 
 v.
 
 Wallin,
 
 34 Cal.2d 777, 780 [215 P.2d 1].) It cannot be said, as a matter of law, that there is no evidence in the present record which supports the verdict.
 

 In support of his contention that he was not afforded a speedy trial, and for this reason the judgment should be reversed, the defendant relies upon the provisions of section 1050 of the Penal Code that criminal cases shall be set for trial at a date not later than thirty days after entry of plea. His plea was entered on September 5, 1958, and his trial was set for October 27, 1958. Obviously, the trial date was not set in conformity with the statute. However, the constitutional and statutory guarantee to a speedy trial may be waived.
 
 (People
 
 v.
 
 Tahtinen,
 
 50 Cal.2d 127, 131 [323 P.2d 442].) The defendant and his counsel were present at the time the trial date was set. Neither of them objected to that date and thereby waived the defendant’s right to have the trial set at an earlier date.
 
 (People
 
 v.
 
 Tahtinen, supra,
 
 50 Cal.2d 127, 131.)
 

 Through his attorney, the defendant filed a brief raising the foregoing contentions. In addition, the defendant, in person, filed a document in the nature of a brief in which he sets forth thirty-eight “Points of Grounds for Appeal.” Each of these “points” has been reviewed and is without merit. A number of them are concerned with the accuracy of the transcript on appeal. The alleged errors therein are not material to a consideration of the merits of the appeal. A great number of the “points” concern the credibility of the witnesses and the weight of the evidence. With respect to these matters the following observation of the court in
 
 People
 
 v.
 
 Weiss, supra,
 
 123 Cal.App.2d 487, 491, is applicable: “The basic difficulty with defendant’s argument on this phase of the case is that he would have us reweigh the testimony, reevaluate the credibility of the witnesses, and draw inferences
 
 *86
 
 contrary to those drawn by the trial court. Under firmly established principles, we are not a liberty to do this.” Laymen are excusably ignorant oE the functions of an appellate court in considering the sufficiency of the evidence to sustain a verdict. Such court may consider only the sufficiency of the evidence as a matter of law and if there is any testimony or any inference which reasonably may be drawn therefrom that will support the verdict of the jury it is the obligation of an appellate court to hold the evidence sufficient.
 

 The defendant complains about the introduction of testimony respecting his prior conviction of a felony; the district attorney’s reference to this testimony in considering the credibility of the defendant as a witness; and the trial court’s instruction that a witness may be impeached by proof of conviction of a felony. This was not error. (Code Civ. Proc., § 2051.)
 

 The defendant also claims that his admissions were obtained under coercion, by threats of prosecution against the witness Joanna Catlett, whom he wished to protect. His testimony in support of this claim was contradicted by the testimony of the police officers who interrogated him. The jury was entitled to accept their testimony and reject that of the defendant. The determination of the jury in this respect is not subject to review on appeal.
 

 The defendant objects to alleged mistreatment he received from a police officer; to the competency of Joanna Catlett to act as a witness; to alleged acts of coercion which prevented Joanna Catlett from testifying in his favor; and to the conduct of the district attorney and the police in respect to the presentation of the testimony of other witnesses. A review of the record indicates that these objections are without merit.
 

 The defendant was afforded a fair trial and the verdict of the jury was legally supported by the evidence.
 

 The judgment of conviction and order denying defendant’s motion for a new trial are affirmed.
 

 Griffin, P. J., and Mussell, J., concurred.
 

 Appellant’s petition for a hearing by the Supreme Court was denied February 3, 1960.
 

 *
 

 Assigned by Chairman of Judicial Council.