[Crim. No. 8000.   Second Dist., Div. Four.   Mar. 1, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. RICHARD CANDELARIA ROSALES, Defendant and Appellant.

Frank Duncan, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—By indictment defendant was charged with selling narcotics, heroin, in violation of section 11501 of the Health and Safety Code. Defendant entered a plea of not guilty. Trial was by the court, defendant personally and all counsel having waived trial by jury. Defendant was found guilty as charged. Probation and defendant's motion for new trial were denied and defendant was sentenced to state prison for the term prescribed by law. Defendant appeals from the judgment and the order denying motion for a new trial.

Defendant filed his notice of appeal in propria persona. Thereafter, he made a motion to this court to have counsel appointed to represent him. This court granted the motion and counsel was appointed.

At the trial Louis Estrella testified in substance as follows: that he was an undercover agent for the Narcotics Division of Los Angeles Police Department. On April 17, 1961, he met defendant at approximately 6:15 p.m. at Martha's Café in Los Angeles. He knew defendant by the name of "Pinky." At the time he met defendant he was accompanied by an informant known to him only as "Pelon." Defendant approached him and asked "What do you have?" He told defendant he had three transistor radios and two shirts and informant "Pelon" told him they wanted to push

the radios and the shirts for a gram and a half, which in narcotics parlance means they wanted to trade the articles for some heroin. Defendant stated he could get them some "stuff" but that his connection wanted money and not merchandise. Defendant stated that he could take them somewhere and that someone would swap them heroin in return for the radios. At this point another person came up to defendant and asked him "What do you guys have?" Defendant replied "20 for the works." This person handed defendant a $20 bill. Officer Estrella gave the transistor radios and other merchandise to defendant in the café. Defendant then delivered the radios and merchandise to the other person in return for the $20. Defendant kept the $20 in his possession. About one-half hour later, using the officer's car, defendant directed him, accompanied by the informant, to the corner of Ord and North Broadway. Defendant left the car and returned approximately twenty minutes later, saying "This guy is going to call his connection." In a few moments defendant came back to the car with a person known as Chapero. Defendant and Chapero entered the officer's car and directed him to drive to the Pasadena offramp and West Solano Avenue. The officer parked his car on West Solano and Chapero left the car. A few moments later Chapero returned, entered the car and defendant told the officer to drive back to Ord and North Broadway. When they returned to this intersection, Chapero handed defendant some capsules that contained a white powdery substance, later identified as heroin, and then left the car. Defendant gave a balloon containing six of the capsules to the informant. Defendant asked Officer Estrella to drive him to a point near the general hospital. After defendant left the car the informant handed the balloon to Estrella.

It was stipulated that the capsules introduced in evidence were examined by Kaye Robert Druley, a forensic chemist of the Los Angeles Police Department, and in his opinion these capsules contained heroin.

Defendant testified in his own behalf, denied he participated in the sale referred to by Officer Estrella, and presented an alibi. He testified that on the evening of the crime he was at his sister's home and that he had worked there all day and remained there all night. He called several witnesses including his sister to substantiate his alibi.

Defendant makes no serious challenge as to the sufficiency

of the evidence to support his conviction but contends that the trial judge's "conclusions" as to some of the evidence adduced "are totally unsupported by the record." The conclusions referred to by defendant were contained in certain remarks made by the judge at the end of the trial. The court stated that defendant "admits he had familiarity with narcotics" and "that he had contact with the narcotics world." Defendant asserts that the judge based this conclusion on certain testimony elicited from defendant on cross-examination which was held to be admissible for the limited purpose of proving identity. Officer Estrella had testified that he did not know the person who sold him the narcotics and that he identified defendant from a photograph taken out of a book containing "mug" shots of suspected narcotic offenders. On cross-examination defendant admitted that he had been arrested for a narcotics offense on a prior occasion and that his picture had been taken at that time. This picture was admitted in evidence.

There is no substance to defendant's contention. His familiarity with narcotics was clearly established from the testimony of Officer Estrella pertaining directly to the transaction he had with defendant. It was in itself clear proof of defendant's familiarity with the narcotics world.

Furthermore, although we find nothing of an impeaching nature in the trial judge's remarks, assuming there was, defendant may not impeach a judgment through the use of oral statements made by the judge at the conclusion of the trial. Remarks of the judge in deciding a case constitute no part of the record and cannot be used to impeach his judgment or his finding. (*People* v. *Shafer,* 101 Cal.App.2d 54, 58 [224 P.2d 778] ; *People* v. *Pflug,* 138 Cal.App.2d 538, 539-540 [292 P.2d 286].) In *People* v. *Brown,* 187 Cal.App.2d 651, 657 [9 Cal.Rptr. 836], it was stated, "We do not deem the remarks of the trial judge made by him just prior to deciding the case to constitute any part of the record; and at most they constituted secondary remarks and do not impeach his finding of guilt. [Citations.]"

On appeal, that part of the evidence which supports the judgment must be accepted, not that part, in this instance the testimony concerning defendant's alibi, which would defeat, or tend to defeat the judgment. (*People* v. *Thomas,* 103 Cal.App.2d 669, 672 [229 P.2d 836].)

The judgment of conviction is affirmed and the purported

appeal from the order denying the motion for a new trial is dismissed.

Burke, P. J., and Bishop, J. pro tem.,* concurred.

---

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.