[Crim. No. 8998. Second Dist., Div. Four. Dec. 23, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ALFRED J. COSTELLO, Defendant and Appellant.

Harold J. Ackerman, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and Norman Sokolow, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—Defendant was charged in four counts with violations of Penal Code section 476a (issuing checks without sufficient funds).

Counts one and two charged defendant with issuing checks of $150 and $146.16 respectively. In counts three and four, dealing with checks of $27.50 and $15 respectively, it was also alleged that before the commission of the offense set forth in the count, defendant was convicted of issuing checks without sufficient funds in March 1945. The information also alleged a prior felony conviction, to wit, grand theft in 1951. Defendant pleaded not guilty and denied the prior conviction. The jury returned verdicts of not guilty as to count one; guilty as to counts two, three and four. The jury also found the alleged prior conviction of a felony to be true. Defendant's motion for a new trial was denied, as was probation, and defendant was sentenced to state prison for the term prescribed by law. Defendant appeals from the judgment of conviction.

The evidence reveals that on June 2, 1962, defendant gave Dan Kohn two checks each dated June 2, 1962, in amounts of $150 (Count I) and $146.16 (Count II), signed by defendant as payor,drawn on the United California Bank, San Pedro

office, and made payable to Dan Kohn. The checks were given in payment for a refrigerator which Kohn delivered to defendant the same day. Defendant had paid Kohn $20 in cash prior to June 2, 1962, as a down payment on the refrigerator. Kohn gave defendant a receipt in the sum of $316.16 as payment in full. Kohn testified that nothing was said to him when he accepted the checks as to when they would be deposited or cashed; that he would not have delivered the refrigerator if defendant had asked him to delay cashing them.

Alfred Nash, an employee of the United California Bank testified the bank's records indicated defendant opened an account on June 2, 1962; his balance on this date was the sum of $100; an additional deposit of $65 was made on June 4; on the latter date a check for $7.00 was drawn on the account, leaving a balance of $158 in the account; no further deposit was made until June 14, at which time a deposit of $125 was made; no arrangement was made with the bank to extend defendant credit.

Evidence was presented that on May 4 and 5, 1962, defendant gave Jim Gantous two checks in the sums of $27.50 (Count III) and $15 (Count IV), dated May 4th and 5th respectively, each signed by defendant as payor, and each drawn on the Citizens National Bank, Main Office, and made payable to Jim Gantous. The checks were given for gasoline and for repairs on defendant's automobile and were deposited in Jim Gantous' bank account for collection. The checks did not clear and were returned to Gantous.

Frank Cannavo, an employee of Citizens National Bank, testified that defendant did not have an account with Citizens National Bank and had not made any arrangement for credit in his name.

Defendant testified in his own behalf in substance as follows: He wrote the two checks mentioned in counts one and two but he had no intent to defraud anyone. He had $100 in the bank at the time and was prepared to make a deposit of $65 the next Monday. Kohn said he would not deposit the second check for two or three weeks. The two checks he gave Jim Gantous were written while he was employed as an informant by the district attorney's office. In this capacity he was introduced to Jim Gantous, by Paul Borack, a distributor of sweepstakes tickets. At the request of Lieutenant Dreebin and Colonel Bigler of the district attorney's office, he gave the checks to Gantous for the purchase of a block of sweepstakes tickets. Defendant admitted he did not have an

account with the Citizens National Bank upon which the two checks were drawn. He stated that he understood the checks were never meant to be processed through the bank; that they were given to Gantous because Lieutenant Dreebin told him to get evidence of the sweepstakes ticket transaction with Gantous.

Lieutenant Dreebin denied that defendant was working as an informant for the district attorney's office on any lottery investigation, or that he had asked defendant to write checks to buy lottery tickets.

Gantous testified that he did not receive the checks as payment for the sale of sweepstakes tickets. He stated that he had never sold a sweepstakes ticket.

Proof was adduced of the conviction of defendant of issuing checks without sufficient funds in 1945, which was a part of the charge in counts three and four, and also of the alleged prior conviction of a felony, to wit, grand theft in 1951.

Defendant contends the evidence was insufficient as a matter of law to sustain the judgment as to count two. Defendant maintains that the proof of guilt was "too speculative" to sustain the conviction and that there was an absence of proof of intent to defraud.

We conclude that the evidence presented was amply sufficient within the meaning of the rule of *People* v. *Newland*, 15 Cal.2d 678 [104 P.2d 778], to support the jury's verdict.

The jury evidently did not believe defendant's version of the transaction. " 'Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.' [Citing cases.]" (*People* v. *Penrice*, 195 Cal. App.2d 360, 363 [15 Cal.Rptr. 733].)

 The specific intent to defraud which is a requisite in this type of case may be inferred from all the surrounding circumstances. (*People* v. *Weiss*, 123 Cal.App.2d 487, 491 [266 P.2d 924].) Defendant used the check charged in count two, to obtain a refrigerator from Kohn. The jury was plainly justified in drawing the inference from the evidence before it, that defendant acquired the refrigerator, paying Kohn with a check defendant well knew would be dishonored by the bank for insufficient funds. "The question for the appellate court to pass upon is whether there was evidence in

the record justifying the inference of guilt. [Citations.]''
(*People* v. *Wallin*, 34 Cal.2d 777, 780 [215 P.2d 1].) Clearly,
here there was evidence from which the jury could have
drawn inferences necessary to support a finding of guilty.

Defendant contends the deputy district attorney was guilty
of prejudicial misconduct in his cross-examination of de-
fendant and in his argument respecting defendant's prior
convictions.

In his cross-examination of defendant the deputy dis-
trict attorney elicited the admission by defendant that he
had three prior felony convictions. Defendant asserts that the
deputy district attorney ''overemphasized'' the circumstances
concerning these convictions. Defendant was asked as to
each prior conviction, the date, place and type of felony.
When defendant initially indicated he had been convicted of
only two felonies, the deputy district attorney showed him a
superior court file to ''refresh his recollection.'' The court
admonished the jury that the evidence was received for the
limited purpose of impeachment. The questions asked de-
fendant were within the permissible bounds of cross-examina-
tion of a defendant. (*People* v. *Tabb*, 137 Cal.App.2d 167,
171 [289 P.2d 858].) Inasmuch as defendant was vague and
uncertain as to whether he had been convicted of a third
felony, further questioning was proper to bring out that
fact.

Defendant complains that in the deputy district at-
torney's argument to the jury concerning his intent to de-
fraud, the deputy district attorney pointed out that defend-
ant had been convicted once before of issuing checks without
sufficient funds. An objection to the remark was made and
the court admonished the jury that defendant's prior convic-
tions could only be considered ''for testing or judging the
credibility of the witness.'' In further argument the deputy
stated that in deciding whether defendant was telling the
truth the jury was entitled to consider that defendant had
three felony convictions, which were then specified. The court
repeated the admonition to the jury. A review of the record
leads us to the conclusion that no miscarriage of justice re-
sulted from the deputy district attorney's argument, that
any possible adverse effect was removed when the judge ad-
monished the jury as to the limited purpose for which the
prior convictions could be considered.

Defendant contends the trial court erred as a matter of
law, in restricting the presentation of evidence by the defense

to rebut any inference of defendant's lack of credibility raised by the evidence introduced of his prior convictions. Defendant had been used in 1961 as a People's witness in the prosecution of another person on a murder charge. Since this offering of defendant as a witness took place subsequent to defendant's conviction of the felonies which were used against him for impeachment purposes, defendant sought to show that the prosecution had considered him rehabilitated as of 1961. A former deputy district attorney, called as a defense witness, admitted the use of defendant as a witness in 1961, but when counsel sought to relate details as to the showing of rehabilitation presented by the People in the 1961 trial, the court refused to permit this to be done.

 In California a witness impeached by proof of a prior felony conviction may be rehabilitated by evidence of his good character, the proof of the prior being an assault on the witness' general character for truth, honesty and integrity. (*People* v. *Amanacus*, 50 Cal. 233, 234-235.) Thus, the trial court's ruling was correct. It is not what might have been shown in a prior case which is proper; the evidence of rehabilitation must be related to evidence of the witness' present good character.

Defendant contends that, since the verdict on the prior is in the singular form and fails to indicate which of the two alleged priors it had found to be true, the verdict is too uncertain to support the judgment. The record indicates only one prior felony to have been charged, and the court's instructions to the jury with respect to the prior felony were likewise in the singular. Briefs on behalf of both appellant and respondent assume the contrary. The previous conviction of defendant of issuing checks without sufficient funds was not charged in the information as a felony but was utilized as a part of counts three and four as heretofore indicated. Had defendant admitted this portion of counts three and four no reference would have been necessary to have been made thereto. When the court arraigned the defendant for judgment and sentence the court noted that the prior felony charged had been found true.

The jury's verdicts as to counts three and four were not indefinite and vague, but were responsive to the pleadings, to wit: "We, the Jury in the above entitled action, find the Defendant Alfred J. Costello guilty of a violation of section 476a, Penal Code, a felony, as charged in count 3 of the

information;" the verdict on count four followed the same form.

 A verdict finding a defendant "guilty as charged" in a particular count in the information is complete. A repetition of the exact words and phrases in the information is not necessary. (*People* v. *Beltran,* 93 Cal.App.2d 704, 705 [209 P.2d 635].)

Judgment of conviction is affirmed.

Burke, P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied January 7, 1964, and appellant's petition for a hearing by the Supreme Court was denied February 19, 1964.