[Sac. No. 656. Department One.—July 14, 1899.]

LEOPOLD SELNA, Individually, and as Administrator, et cetera, Appellant, v. PEARL E. SELNA et al., Respondents.

VENDOR'S LIEN—CODE PROVISIONS—EQUITY RULE.—The provisions of sections 3046, 3047, and 3048, of the Civil Code, are intended to make more clear and definite the equity rule as to vendor's liens, by which a vendor who has made a deed of grant to the purchaser has an equitable lien upon the granted premises for the amount of the unpaid purchase money, if it is unsecured otherwise than by the personal obligation of the buyer.

ID.—FOUNDATION AND ORIGIN OF DOCTRINE.—The foundation of the doctrine as to the lien of a vendor is in the general principles of equity and moral justice, that a person who has acquired the estate of another, ought not in conscience, as between them, to be allowed to keep it and not pay the full consideration money; and the origin of the doctrine appears to be the principles of the Roman law, imported into the equity jurisprudence of England.

ID.—RIGHTS AND LIABILITIES OF PERSONAL REPRESENTATIVES.—The lien of a vendor is not extinguished by his death, nor by the death of the grantee. It passes to the personal representatives of the deceased vendor, and may be enforced against the estate

of the deceased grantee, or those into whose hands it may come.

Id.—Waiver of Lien—Intention—Inequity.—In order to constitute a waiver of the lien of the vendor, his intention must be evinced, expressly or impliedly, to dispense with the lien; or he must so place his rights in relation to the land sold as to make it inequitable to sustain the right thereto.

Id.—Burden of Proof as to Waiver—Presumption.—The burden of proof is upon the purchaser to establish that in the particular case the lien has been intentionally displaced or waived; and if, under all the circumstances, it remains in doubt whether the lien has been waived, it will not be presumed to have been waived, but will be sustained and enforced.

Id.—Presentation of Claim Against Estate—Omission to State Claim of Lien.—There is no statutory provision requiring that a claim presented by the vendor against the estate of the deceased grantee for the amount of the unpaid purchase money, shall state that the vendor claims a lien against the granted premises for the amount of such claim; and though it is better that such statement should be made, yet the omission to make it does not constitute a waiver of the lien, or make it inequitable to enforce it.

Id.—Allowance of Claim—Qualified Judgment—Lien not Created.—The allowance of a claim against the estate of a deceased person is only a qualified judgment, and does not create any lien upon the real or personal estate of the decedent, which can waive a vendor's lien. It only maintains the same general rights which the vendor had, before the death of his grantee, to look not only to the land of the grantee, but to the property owned by him, to determine the collectibility of the note.

Id.—Effect of Judgment at Law.—It seems that the recovery of a judgment at law for the unpaid purchase money, so far as not enforced by execution, does not preclude the vendor from enforcing his equitable lien against the granted land, for the unpaid portion of the purchase money.

APPEAL from a judgment of the Superior Court of San Joaquin County.   Edward I. Jones, Judge.

The facts are stated in the opinion.

Louttit & Middlecoff, for Appellant.

Budd & Thompson, for Respondents.

COOPER, C.—Action to recover four hundred and twenty dollars and have same declared a lien upon certain real estate. Judgment for defendants.   Appeal from the judgment on the judgment roll.   It appears from the findings that on August 30,

1894, the plaintiff sold and conveyed by deed of grant the premises described in the complaint to one Patrick Selna, for the sum of fifteen hundred dollars, all of which amount had been paid prior to August 2, 1897, except the sum of five hundred dollars, and on said last-named date said Patrick Selna executed and delivered to plaintiff his promissory note for said balance of five hundred dollars. On this note there was paid on the twenty-seventh day of December, 1897, the sum of eighty dollars. On January 15, 1898, the said Patrick Selna died intestate, being at the time of his death the owner of the said real estate, leaving a balance of four hundred and twenty dollars due and owing to plaintiff on said promissory note, and leaving surviving him his wife, Pearl E. Selna, one of the defendants herein. February 4, 1898, the plaintiff was duly appointed administrator of the estate of said Patrick Selna, deceased, qualified, and letters of administration were issued to him. February 19, 1898, the plaintiff, as such administrator, published a notice to creditors, us required by statute, and on the fifteenth day of April, 1898, prepared his claim against said estate for the balance of four hundred and twenty dollars so due upon said note. The claim contained a copy of the said promissory note, but made no reference to any claim of lien, and was properly verified as required by statute. The claim as so presented was allowed and approved April 15, 1898, by the judge of the superior court in which the estate was pending, and was on said last-named date filed with the clerk of said court. July 15, 1898, the said superior court, by decree duly made and entered, set apart the said premises to defendant Pearl E. Selna as a homestead. The complaint was filed August 3, 1898, all recourse against any other property of the estate is expressly waived, and it is sought to have it adjudged that the four hundred and twenty dollars balance of the purchase price of said premises is a lien thereon, and that the premises be sold to satisfy said lien. The learned judge of the court below found all the facts as herein stated, but as a conclusion of law found that the plaintiff, by so having the said claim allowed and filed, waived all right to have the same declared to be secured by a vendor's lien. The sole and only question to be determined upon this appeal is whether or not the plaintiff, by so having his claim allowed and filed,

waived his right to a vendor's lien upon the property described in the complaint. There is no proof or finding of any act or word of plaintiff tending to show an intention to waive the lien except the act of having his claim so allowed and filed. As to vendors' liens, the provisions of our Civil Code are as follows:

"Sec. 3046. One who sells real property has a vendor's lien thereon, independent of possession, for so much of the price as remains unpaid and unsecured otherwise than by the personal obligation of the buyer."

"Sec. 3047. Where a buyer of real property gives to the seller a written contract for payment of all or part of the price, an absolute transfer of such contract by the seller waives his lien to the extent of the sum payable under the contract; but a transfer of such contract in trust to pay debts, and return the surplus, is not a waiver of the lien."

"Sec. 3048. The liens defined in sections 3046 and 3050 are valid against every one claiming under the debtor, except a purchaser or encumbrancer in good faith and for value."

It is evident that the statute gives to the seller of real estate a lien for so much of the purchase price as remains unpaid and unsecured otherwise than by the personal obligation of the buyer. The court in this case found that the four hundred and twenty dollars, part of the purchase price, remains unpaid and unsecured except by the note and the filing thereof as a claim. The rule of our Civil Code was intended to make more clear and definite the equity rule as to vendor's liens.

The principle upon which this lien has been established by courts of equity is that a person who has gotten the estate of another ought not in conscience, as between them, to be allowed to keep it and not pay the full consideration money. The true origin of the doctrine may with high probability be ascribed to the Roman law, from which it was imported into the equity jurisprudence of England. (2 Sugden on Vendors, 324, and note 2.) Judge Redfield, in the case of *Manly v. Slason*, 21 Vt. 275, 52 Am. Dec. 60, said: "There can be no doubt that the existence of such a lien is among the settled doctrines of the English chancery . . . . its foundation exists in the general principles of equity, and moral justice, by which the seller is entitled to hold upon the estate until he gets the price."

The lien of the vendor is of so high a nature that it is not extinguished by his death, but. passes to his representatives. Nor is it discharged by death of the grantee, but may be enforced against his estate or those into whose hands the property may come. (2 Warvelle on Vendors, 700, 701.)

The question as to what constitutes a waiver of this lien of the vendor has been a source of much controversy. The authorities generally agree that to constitute a waiver of the lien there must be some act or omission by the vendor showing an intention on his part to waive the lien. The rule is thus stated in Overton on the Law of Liens: "Sec. 622. To constitute a waiver of the right to the lien there must be some act or omission by the vendor which actually or impliedly evinces an intention on his part to dispense with the security given him in equity. Therefore, in any question of this character the point to determine will be, has the vendor, by such or such an act or omission, so placed his rights in relation to the lands sold or to the vendee that it would be inequitable to sustain this right in his favor? Or has his act been such that it shows a determination not to rely upon his lien?"

And to the same effect are the following authorities: 2 Jones on Liens, sec. 1073; 2 Warvelle on Vendors, 712; note to *Mackreth v. Symmons*, 1 White & Tudors' Lead. Cas. Eq., pt. 1, p. 482-84. Applying the rule thus laid down, was the act of plaintiff in filing his claim such an act as would make it inequitable to allow him to sustain his lien, or such that it showed a determination on his part not to rely upon it? We think that the mere fact of making out and filing the claim did not show any determination or intention of plaintiff not to rely upon his lien; neither do we think such fact in any way would make it inequitable to now allow such lien. No one has been injured by any delay, act, or conduct of plaintiff. The filing of the claim did not deceive anyone, and the right of plaintiff to a lien is such that we cannot presume from any trivial circumstance that such right was waived. The plaintiff could not have maintained any action upon the note without first presenting his claim. (Code Civ. Proc., secs. 1500, 1510.) The claim was not secured by any mortgage or recorded lien, and, therefore, it was not necessary for it to contain any statement as to the claim of

lien. (Code Civ. Proc., sec. 1497.) It might have stated the claim of lien and that the claimant did not intend to waive it, and it would, perhaps, have been the better practice if it had so stated, but as the statute does not expressly require such statement, we think it would be a harsh rule to hold that the absence thereof of itself waived the lien.

The burden of proof is upon the purchaser to establish that in the particular case the lien has been intentionally displaced or waived. If, under all the circumstances, it remains in doubt, the lien attaches. (2 Story's Equity Jurisprudence, sec. 1224; *Wilson v. Lyon,* 51 Ill. 166; *Truebody v. Jacobson,* 2 Cal. 286; 2 Warvelle on Vendors, 713.) And so long as the debt exists courts will not presume that the lien has been waived, except upon clear and convincing testimony. (2 Warvelle on Vendors, 712-14; *Cole v. Withers,* 33 Gratt. 195.)

Defendant in support of her claim that the lien was waived relies upon *Fitzell v. Leaky,* 72 Cal. 484; *Avery v. Clark,* 87 Cal. 623; 22 Am. St. Rep. 272, and *Holt Mfg. Co. v. Ewing,* 109 Cal. 355. In *Fitzell v. Leaky, supra,* the action was brought to enjoin the defendant as sheriff from selling one-fourth of a water ditch claimed by plaintiff to be appurtenant to and a part of his homestead. The question discussed was whether or not the interest in the water ditch was a part of the homestead. There was no issue or determination of any issue as to a vendor's lien, but the court in the opinion used this language: "If Kelly ever had the right to have a vendor's lien adjudicated and declared by a court of equity, he has never commenced proceedings to that end, but has waived his lien by taking a general judgment, which, if docketed, was a lien on all the real property of the plaintiff." This remark by the learned judge who wrote the opinion was *obiter dictum,* but if it stated the law correctly it has no application to the facts of this case. Here plaintiff had no judgment docketed nor any judgment which was a lien upon any property. His allowed claim was in certain respects in the nature of a judgment, but only a qualified judgment. It was not a lien upon any real or personal estate. It was not conclusive upon the heirs of the estate. (Code Civ. Proc., sec. 1636; *Weihe v. Statham,* 67 Cal. 84; *Estate of Hill,* 62 Cal. 186.) Before the death of Patrick Selna plain-

tiff had the right to look not only to the land, but to the property owned by him, in determining whether or not the note could be collected. After his death and the allowance of the claim he had a right to look to the same property, diminished by the right given the administrator to take a certain portion of it for expenses of administration, for the payment of preferred claims and such family allowance as the court might make for the support of the family of deceased. The filing of the claim did not give plaintiff any security upon any specific property nor any lien upon any property. It is stated by the authorities that if the vendor recover a judgment at law and has not exhausted his remedy by execution, he is not precluded thereby from proceeding to enforce his equitable lien for the purchase money. (*Walker v. Sedgwick*, 8 Cal. 404; Overton on the Law of Liens, 691; *McAlpin v. Burnett*, 19 Tex. 497; *Dubois v. Hull*, 43 Barb. 26; 2 Warvelle on Vendors, 719; *Palmer v. Harris*, 100 Ill. 276; *Chapman v. Lee*, 64 Ala. 483.)

In *Avery v. Clark*, supra, it appeared that one Robbins, the grantor, conveyed to Mrs. Humeston a tract of land and took as part payment the promissory notes of herself and husband, secured by their mortgage upon the land conveyed. It was held that the unpaid price of the land did not thereafter "remain unsecured otherwise than by the personal obligation of the buyer."

The case of *Holt Mfg. Co. v. Ewing*, supra, was replevin for a harvester sold and delivered to one Ewing in his lifetime. Under the contract of sale the title to the harvester was to be and remain in plaintiff until the full payment of the price had been made. Certainly promissory notes had been given to plaintiff by said Ewing, and upon the last one there remained a small balance due when the maker thereof died. The plaintiff duly made out and presented its claim against the estate of said Ewing for the balance due upon this note. The claim was allowed and placed on file. This court held that the sale was a conditional one and that upon the default of the purchaser the plaintiff had either of two remedies. He could retake the property or recover it by action, or he could regard the sale as an absolute one and recover upon the notes, but that the two remedies being inconsistent he could not pursue both. The principle

upon which the case was decided has no application to the present case.

We advise that the judgment be reversed and the cause remanded, with directions to the court below to enter judgment upon the findings in favor of plaintiff and in accordance with the views herein expressed.

Gray, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with directions to the court below to enter judgment upon the findings in favor of plaintiff and in accordance with the views herein expressed.

Garoutte, J., Van Dyke, J., Harrison, J.