[Civ. No. 7881.   Third Dist.   Apr. 7, 1951.]

PAUL KROUSE et al., Appellants, v. JUSTICE'S COURT OF TOWNSHIP NUMBER TWO, LAKE COUNTY et al., Respondents.

Clarence Cargill and Paul Krouse, in pro. per., for Appellants.

Edmund G. Brown, Attorney General, Gail A. Strader, Deputy Attorney General, and Frederic Crump, District Attorney, for Respondents.

DEIRUP, J. pro tem.—Appellants were charged in the respondent justice's court with violation of sections 1151 and 1275.5 of the Fish and Game Code of the State of California. They were arrested on March 4, 1950, and were arraigned on March 6th and entered pleas of not guilty. Their cases were set for trial on April 4th. At the time set they moved the justice's court to dismiss the actions on the ground that appellants had not been brought to trial within 30 days after they had been arrested and brought within the jurisdiction of the court. The motions were denied and appellants were convicted by a jury.

On April 6th, before the time fixed for sentence, appellants filed in the superior court a petition for a writ of mandate directing the dismissal of the actions. An alternative writ was issued. After the filing of an answer the matter was heard and judgment was entered denying a peremptory writ of mandate. This appeal is taken from the judgment.

Section 1382 of the Penal Code provides in part:

"The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases:

"1. . . .

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the finding of the indictment, or filing of the information.

"3. If a defendant in a misdemeanor case in the justice's court, whose trial has not been postponed upon his application, is not brought to trial within thirty days after the defendant is arrested and brought within the jurisdiction of the court, . . ."

The contention of appellants is that the record before this court shows that the appellants were entitled to dismissals by reason of the provisions of subdivision 3 of the section.

The record which was requested by the appellants and is now before us is meager. It consists of the petition for a writ of mandate, the order for the alternative writ, the alternative writ, the answer to the petition, the minutes of the superior court which recite that a demurrer was overruled and that the alternative writ was discharged and a peremptory

writ denied, the judgment of the court, reciting that findings had been filed and adjudging "that the petitioners are not entitled to a peremptory writ of mandate and the application therefor is denied"; also the notice of appeal and demand for a transcript of the proceedings mentioned and certified copies of all exhibits, including the docket entries in the justice's court. There are three exhibits in the record. The first is a stipulation consolidating the cases for trial on April 4, 1950, not dated, and signed only by the district attorney. The second is a photograph of the docket of the justice of the peace relating to the case of *People* v. *Krouse*; and the third is a photograph of the docket relating to the case of *People* v. *Cargill*. The findings are omitted from the record. There is no reporter's transcript.

The minutes of the trial court show that witnesses were sworn and examined. ■ Respondents suggest that it must be presumed that evidence was introduced at the trial which supported the judgment of the court, in view of the fact that the record is incomplete. Such a presumption, however, has not been available to a respondent since July 1, 1943, the effective date of the Rules on Appeal which were adopted by the Judicial Council. For rule 52 as amended as of January 1, 1951 (the amendment being italicized) reads as follows:

"If a record on appeal does not contain all of the papers, records and oral proceedings, but is certified by the judge or the clerk, or stipulated to by the parties, in accordance with these rules, it shall be presumed in the absence of proceedings for augmentation that it includes all matters material to a determination of the points on appeal. *On an appeal on the judgment roll alone, or on a partial or complete clerk's transcript, the foregoing presumption shall not apply unless the error claimed by appellant appears on the face of the record.*"

The amendment to the section does not affect the present appeal, which was perfected before it took effect.

■ The purpose of rule 52 was to permit and encourage brief and inexpensive records on appeal. ■ It has the effect of a law (*Alkus* v. *Johnson-Pacific Co.*, 80 Cal.App.2d 1 [181 P.2d 72]) and compels an appellate court to determine the issues before it solely from the record on appeal. (*Gardner* v. *Shreve*, 89 Cal.App.2d 804 [202 P.2d 322]; *Kuhn* v. *Ferry & Hensler*, 87 Cal.App.2d 812 [197 P.2d 792]; *Kohn* v. *Kohn*, 95 Cal.App.2d 722 [214 P.2d 80]; *Palpar, Inc.*, v. *Thayer*,

83 Cal.App.2d 809 [189 P.2d 752] ; *Estate of Pierce,* 32 Cal.2d 265 [196 P.2d 1].)

It appears from the entries in the docket of the respondent justice of the peace that each of the appellants appeared before him on March 6, 1950, and was arraigned and entered a plea of not guilty and asked for a jury trial and that the trial was set for April 4th at 10 a. m. Appellants contend that because the date of the trial was more than 30 days after the date of the arrest on March 4th, it must be presumed that appellants' counsel did not consent, for his consent would have had to be a stipulation which would be invalid unless entered in the docket or given in writing. They cite no applicable authority in support of their contention. The courts have held that where the case is set for trial in the presence of the defendant and his counsel and no objection to the date as being beyond the statutory period appears in the record, the objection is deemed waived. (*People* v. *Rongo,* 169 Cal. 71 [145 P. 1017] ; *Ex Parte Apakean,* 63 Cal.App. 481 [218 P. 768] ; *Ray* v. *Superior Court,* 208 Cal. 357 [281 P. 391] ; *In re Scott,* 81 Cal.App. 577 [254 P. 596].) Thus it appears affirmatively from the record that the appellants consented to the trial date by their failure to object thereto.

It is alleged in the petition for the writ of mandate that appellants' counsel stated on March 6th that the date of April 4th was agreeable ''provided it was within the thirty-day period'' and that he was assured that it was, the justice of the peace and a deputy sheriff having computed the days on the calendar, beginning with March 6th. The respondents alleged in their answer to the petition that several dates were suggested and that appellants' counsel finally agreed on April 4th, without any proviso. We cannot, of course, determine which of the allegations is true. But if we take as an admission the allegation in the petition we find that counsel for appellants did agree to the trial date. Appellants are charged with knowledge of the fact that the 30-day period elapsed 30 days after the date of the arrest on March 4th, but they made no objection on this or any other ground. There is in the record as an exhibit an undated stipulation, signed by the district attorney but not by appellants, for the consolidation of the cases for trial on April 4th. There is nothing in the record to explain the stipulation but appellants seek to draw an inference from it that they did not consent to the late setting. However, they had agreed to the date of trial

and any refusal on their part to sign a stipulation later could not affect their prior agreement.

The docket contains further entries under the date of April 4th to the effect that the "day set for the trial of Paul Krouse and Clarence Cargill and stipulated to by Runnels and the defendants Krouse and Cargill was on March 6, 1950." Since those entries were not made at the time the event occurred they do not constitute prima facie evidence of the facts related. (Code Civ. Proc., § 116a.) On the other hand the fact that the belated entries were made does not give rise to any inference that the defendants did not on March 6th agree to the date of the trial.

The judgment is affirmed without costs.

Adams, P. J., and Van Dyke, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 31, 1951.