[Crim. No. 5195.   Second Dist., Div. Three.   July 26, 1954.]

THE PEOPLE, Respondent, v. ROBERT ANDERSON, Appellant.

Robert Anderson, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

VALLÉE, J.—In an information defendant was charged with grand theft and a prior conviction of grand theft and issuing a check without sufficient funds.  The court found him guilty of grand theft and that the alleged prior conviction was true.  He appealed from the judgment.  Appearing in propria persona he asks for a reversal "Due to the innumerable errors, based on delay, and a verdict passed on the findings of the original preliminary transcript testimony, and that the defendant was not given proper defense to justify a counter, to ascertain all of the facts, necessary to arrive at a fair and unbiased verdict."

Defendant's first point appears to be that he was not brought to trial within 60 days after the filing of the information. (Pen. Code, § 1382, subd. 2.) The information was filed on September 13, 1951.  Defendant was arraigned on September 17, 1951, and at his request the time to plead was continued to September 24, 1951.  On September

24, on defendant's motion, a physician was appointed pursuant to section 1871 of the Code of Civil Procedure and the time to plead was continued to October 8, 1951. On October 8, 1951, defendant failed to appear and a bench warrant issued for his arrest. On October 19, 1953, defendant appeared in court, the cause was restored to the calendar; at defendant's request a physician again was appointed under section 1871 of the Code of Civil Procedure to examine defendant and report his findings to the court, and the time to plead and further proceedings were continued to November 2, 1953. On November 2, 1953, defendant, with his counsel present, plead not guilty to grand theft, denied the prior conviction, and the cause was set for trial for November 30, 1953. No objection was made that the trial date was beyond the statutory period. The cause came on for trial on November 30; defendant was present with counsel; trial by jury was waived by defendant and his counsel; on stipulation the cause was submitted on the transcript of the preliminary examination subject to the introduction of additional evidence by either side; and the further trial was continued to December 7, 1953. The trial was resumed on December 7, at which time the People introduced a record of defendant's prior conviction in evidence and defendant testified. Both sides then rested and the court found defendant guilty as charged in the information and that the prior conviction charged was true.

█ Where the cause is set for trial in the presence of the defendant and his counsel, and no objection is made to the date being beyond the statutory period, the objection is deemed waived. (*Krouse* v. *Justice's Court*, 103 Cal.App. 2d 311, 314 [229 P.2d 806].) Defendant waived the right to have the cause tried within 60 days after the filing of the information. Further, defendant was a fugitive from September 24, 1951, to October 1953. He was thus a fugitive at the time the 60-day period elapsed. █ A defendant who is a fugitive at the time the 60-day period elapsed loses the right to claim that his cause should have been tried within the period. (*People* v. *Seely,* 75 Cal.App.2d 525, 526-527 [171 P.2d 529].)

█ Defendant implies that he was subjected to a second prosecution for an offense for which he was once prosecuted. The record does not support the implication. There is no showing that defendant had been prosecuted previously for the offense of grand theft charged in the information.

Complaint is made that counsel for defendant, a deputy

public defender, was biased against him and negligent in handling his cause. We have examined the record and find no basis whatever for the contention. Defendant was zealously and ably represented.

Defendant says he was never "in a position to propose any request" for a copy of the information. At the time of arraignment he waived a reading of the information. The record does not show that he did not receive a copy. In the absence of a contrary showing, we must presume that official duty was regularly performed and that a true copy of the information was delivered to defendant as a part of the arraignment as required by section 988 of the Penal Code. (Code Civ. Proc., § 1963, subd. 15.)

It is next contended that the deputy district attorney was guilty of inflammatory remarks in his opening argument. The contention is wholly without foundation. The cause was submitted to the court without argument.

Defendant has no cause for complaint because his counsel, in his presence, submitted the cause on the transcript of the preliminary examination reserving the right to present further evidence. (*People* v. *Wallin*, 34 Cal.2d 777, 778, 781-782 [215 P.2d 1].)

The evidence fully supports the finding that defendant was guilty of grand theft. An air compressor was stolen from a construction job. Defendant was a superintendent on the job at the time. He was seen attaching the compressor to a car and driving it away. He did not have permission to take it. A few days later he sold the compressor for $1,150.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied August 3, 1954, and appellant's petition for a hearing by the Supreme Court was denied August 19, 1954.