[S. F. No. 19974.   In Bank.   Dec. 30, 1958.]

HAYDEN W. CHURCH, Petitioner, v. PUBLIC UTILITIES
COMMISSION OF THE STATE OF CALIFORNIA
et al., Respondents.

Everett C. McKeage, Chief Counsel, Roderick B. Cassidy,
Assistant Chief Counsel, Harold J. McCarthy, Principal Coun-
sel, Rita L. Heiser, Assistant Counsel, and William D. Camp-
bell, for Respondents.

McCOMB, J.—Petitioner seeks to obtain annulment of an order of the Public Utilities Commission pursuant to the provisions of section 1756 of the Public Utilities Code.[1]

The Public Utilities Commission on its own motion, on November 29, 1955, ordered an investigation into the practices of petitioner, an overlying carrier, relating to rate arrangements with certain subhaulers.

The commission found that petitioner was underpaying the subhaulers and ordered reparation. After respondent commission rendered its decision, a petition for rehearing was filed by petitioner in which he urged, among other points, that the order of the commission was barred by the statute of limitations, and particularly by the provisions of section 339, subdivision 1, of the Code of Civil Procedure. This petition was granted, and an answer was filed by petitioner pleading the statute of limitations and section 339, subdivision 1, of the Code of Civil Procedure. Thereafter, respondent commission rendered its decision ordering petitioner to make reparation. A petition for rehearing of this order was denied.

It is conceded that the oral agreements upon which petitioner's alleged liability rests were entered into more than two years before the present proceeding was instituted.

These are the questions necessary for us to determine:

First. *In the instant case, which statute of limitations was applicable, the one prescribed by section 338, subdivision 1, of the Code of Civil Procedure or the one prescribed by section 339, subdivision 1, of that code?*[2]

---

[1]Section 1756 of the Public Utilities Code reads: "Within 30 days after the application for a rehearing is denied, or, if the application is granted, then within 30 days after the decision on rehearing, the applicant may apply to the Supreme Court of this State for a writ of certiorari or review for the purpose of having the lawfulness of the original order or decision or of the order or decision on rehearing inquired into and determined. The writ shall be made returnable not later than 30 days after the date of issuance, and shall direct the commission to certify its record in the case to the court. On the return day, the cause shall be heard by the Supreme Court, unless for a good reason shown it is continued."

[2]Section 335 of the Code of Civil Procedure reads: "The periods prescribed for the commencement of actions other than for the recovery of real property are as follows:"

Section 338 of the Code of Civil Procedure reads in part: "Within three years: 1. An action upon a liability created by statute, other than a penalty or forfeiture. . . ."

Section 339 of the Code of Civil Procedure reads in part: "Within two years: 1. An action upon a contract, obligation or liability not founded upon an instrument of writing, other than that mentioned in subdivision

██ Minimum hauling rates to be charged for transportation services by licensed highway carriers on either an hourly or a ton-mileage basis are fixed by law. The law, however, does not create the liability. It only determines the amount of the liability created by the agreement of the parties. (*Gardner* v. *Basich Bros. Construction Co.*, 44 Cal.2d 191, 194 [4] [281 P.2d 521].)

Under this rule, since the liability was created by the agreement of the parties, which agreement was an oral one, the two-year statute of limitations, as provided by section 339, subdivision 1, of the Code of Civil Procedure, was applicable to the present case and not the three-year statute provided by section 338, subdivision 1.

██ Second. *Did petitioner waive the defense of the statute of limitations by failing to assert it at the hearing?*

*No,* for these reasons:

(1) Under the rules of procedure of the Public Utilities Commission, petitioner was not required to plead unless directed by the commission to do so. Rule 14 reads as follows: "The commission may at any time institute investigations on its own motion. Orders instituting investigation shall indicate the nature of the matters to be investigated, and will be served upon the person or entity being investigated. A respondent need not file a pleading in response to the investigatory order unless so directed therein." In the present case petitioner was not directed to file any pleading in accordance with the foregoing rule.

(2) A stipulation was entered into by the parties prior to the commission's making its interim order, by which all of petitioner's legal defenses were reserved to him. ██ Therefore, under the rule that a waiver of a right cannot be established without a clear showing of an intent to relinquish such right and doubtful cases will be decided against a waiver (*Greninger* v. *Fischer,* 81 Cal.App.2d 549, 554 [8] [184 P.2d 694]), petitioner did not waive his right to rely upon the defense of the statute of limitations.

---

two of section three hundred thirty-seven of this code; or an action founded upon a contract, obligation or liability, evidenced by a certificate, or abstract or guaranty of title of real property, or by a policy of title insurance; provided, that the cause of action upon a contract, obligation or liability evidenced by a certificate, or abstract or guaranty of title of real property or policy of title insurance shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder. . . ."

In view of our conclusions, it is unnecessary to discuss other contentions made by counsel.

The order of the commission is annulled.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Respondents' petitions for a rehearing were denied January 28, 1959.