[Civ. No. 25474. Second Dist., Div. Three. June 29, 1961.]

VERNON DALE BREWER, Petitioner, v. MUNICIPAL COURT FOR THE EAST LOS ANGELES JUDICIAL DISTRICT et al., Respondents; THE PEOPLE, Real Party in Interest.

*Assigned by Chairman of Judicial Council.

Kenton E. Krogstad and Charles E. Frisco for Petitioner.

No appearance for Respondent.

William B. McKesson, District Attorney, Harry Wood and Harry B. Sondheim, Deputy District Attorneys, for Real Party in Interest.

NOURSE, J. pro tem.*—Petitioner seeks a writ of mandate to compel the respondent court to dismiss an action brought against him by the People of the State of California, real party in interest here, charging him with violation of section 23102, subdivision (a), of the Vehicle Code.

It is petitioner's contention that he was not brought to trial within 30 days after he was arrested and "brought within the jurisdiction of the court." On the other hand, the People contend that the trial date was set within 30 days of the time petitioner was "brought within the jurisdiction of the court" as that phrase is used in section 1382 of the Penal Code, but that in any event petitioner waived his right to be so brought to trial.

The facts to which the law here must be applied are: On November 5, 1960, petitioner was arrested while driving an automobile upon the charge that he was then intoxicated. On that day he was taken to the county jail and booked. He posted with the jailor, pursuant to section 1269b of the Penal Code, cash bail and was given notice to appear before the respondent court for arraignment on November 10th. On November 7th a formal complaint was filed against him charging him with violation of the above-mentioned section of the Penal Code. On November 10th, petitioner appeared and entered a plea of not guilty and trial was set for December 8th. The court did not then or at any time explain to petitioner his right to be brought to trial within 30 days or the effect of his failing to object to a trial date beyond 30 days as required by section 1382 of the Penal Code and petitioner did not then waive his right to be tried within the statutory period.

Thereafter petitioner employed counsel, who, on November 25th, gave notice of motion for an order requiring the People to permit him to inspect the statements and reports of the arresting officers. This motion was heard on November 29th and taken under submission by the court. The court, on December 2d, granted the motion and petitioner's counsel, late on the same day, was advised of the court's order.[1] On Tuesday, December 6th, petitioner's counsel discovered that the trial was set more than 30 days after the filing of the complaint and thereafter ascertained from his client that he had not been advised by the court of his rights as required by section 1382. On December 7th, petitioner's coun-

---

[1]December 2d fell on Friday.
*Assigned by Chairman of Judicial Council.

sel prepared and had executed affidavits by petitioner and his brothers relative to what had occurred at the time of the arraignment and his own affidavit as to the discovery of the facts as to what had then occurred. On December 8th, when the case was called for trial, petitioner's counsel moved the court to dismiss the case upon the grounds that defendant had not been brought to trial within 30 days after he had been arrested and brought within the jurisdiction of the court as required by section 1382, subdivision 3, of the Penal Code, basing his motion on the aforementioned affidavits. The court granted the motion to dismiss.[2]

It will be noted from the facts above stated that the trial was set 33 days after the defendant was arrested and deposited bail, 31 days after the filing of the complaint and but 28 days after the petitioner's arraignment.[3] ▮▮ By supplemental brief filed here the People for the first time contend that the petitioner was not brought within the jurisdiction of the court until he appeared before the court on the 10th of November for arraignment and that as the trial was set within 28 days after that time, it was set within the time fixed by section 1382, subdivision 3, of the Penal Code. In other words, it is the contention of the People that the time of the statutory period does not begin to run until the petitioner, either personally or through counsel, has appeared for some purpose before the court. We find no merit in this contention. If a person is arrested and placed in custody without a warrant and remains in custody until the complaint is filed, the court has jurisdiction to arraign him and to direct the officer in whose custody he is to bring him before the court. (Pen. Code, § 978.) Certainly the court could not have this power unless it had jurisdiction over the subject matter and the defendant. The People argue, however, that section 978 does not apply to a misdemeanor case because, they say, that the personal appearance of a defendant in such a case is not necessary and that therefore the court does not have power to direct that he do appear. We think real party in interest misconstrues the statutes. Section 977 of the Penal Code provides

---

[2]The appellate department of the superior court reversed, holding that under the facts we have stated, waiver of the time for trial was established as a matter of law. (*People* v. *Brewer,* 190 Cal.App.2d Supp. 879 [12 Cal.Rptr. 478].)

[3]It is apparent from the briefs filed by the People here that the People, before the trial court, contended that the 30-day period commenced on the filing of the complaint and that they resisted the motion to dismiss on the ground of waiver.

that the defendant must be personally present at the arraignment except if the charge is a misdemeanor he may appear by counsel, nevertheless where he does not appear by counsel it is evident that the court can compel his appearance in person for otherwise there could be no plea and no trial. The situation is no different when the defendant is not in actual custody but is free on bail. The deposit of cash for bail is in the nature of a recognizance and the amount deposited is security for the undertaking by the defendant to appear for arraignment if a complaint be filed within the time required by law. (Pen. Code, § 1307; 6 Am.Jur., Bail & Recognizance, § 227.) The bailee remains in the constructive custody of the court rather than in the actual custody from which he was released through his deposit of bail. (6 Am.Jur., Bail & Recognizance, § 100; 8 C.J.S., Bail, § 31.) If the person bailed fails to perform his obligation to appear either personally or through counsel at the time fixed for his appearance upon his admission to bail, he may not thereafter appear through counsel but only in person. (*Tischhauser* v. *Jarvis*, 95 Cal.App. 524, 530 [273 P. 66]) and the court may issue a bench warrant for his arrest. (Pen. Code, § 979.)

 Petitioner argues that when he placed himself in the constructive custody of the court by his recognizance he was brought within the jurisdiction of the court within the meaning of section 1382. This contention cannot be sustained for when he was arrested and confined he was within the actual custody of the court and when he gave bail he still remained within the custody of the court although that custody was constructive and his status remained as one under arrest. It is therefore evident that the arrest, either with or without admission to bail, only meets the first condition fixed by section 1382, subdivision 3, and that the phrase "brought within the jurisdiction of the court" requires something more than being brought within the custody of the court. However, when a complaint was filed against the petitioner he was within the custody of the court, even though on bail, for the purpose of prosecution of the action against him. We hold, therefore, that the time within which petitioner was entitled to a trial was 30 days from the filing of the complaint after his arrest and admission to bail. The action not having been set or called for trial until 31 days after the filing of the complaint, petitioner was entitled to have the action dismissed unless he had waived the right to an earlier trial.

Waiver is the voluntary relinquishment of a known right, (*Church* v. *Public Utilities Com.*, 51 Cal.2d 399 [333 P.2d 321]; 51 Cal.Jur.2d, Waiver, §§ 2, 3) and the burden is upon the party claiming waiver to prove it. (*Selna* v. *Selna*, 125 Cal. 357 [58 P. 16, 73 Am.St.Rep. 47]; *Mott* v. *Cline*, 200 Cal. 434 [253 P. 718].) The issue as to whether petitioner waived his right to an early trial was one of fact to be determined by the respondent court. In granting the motion to dismiss, the respondent court of necessity impliedly found that there was no waiver. Unless the facts establish waiver as a matter of law, neither we nor any other court can go behind the finding of the trial court and redetermine that issue.

The pertinent language of Penal Code, section 1382, contained in the last paragraph of that section as amended in 1959, is as follows: "If the defendant is not represented by counsel, he shall not be deemed under this section to have consented to the date for his trial unless the court has explained to him his rights under this section and the effect of his consent." This provision of the statute was undoubtedly meant to exclude a defendant who appeared without counsel at his arraignment from the operation of the provisions of section 1382, subdivision 3, wherein it is provided that the action shall be dismissed when a defendant in a misdemeanor case is not brought to trial within 30 days after he is arrested and brought within the jurisdiction of the court "except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 30-day period at the request of the defendant or with his consent, express or implied . . .," and the decision of the courts that a defendant who fails to object to a date beyond the 30-day period impliedly consents to that date. (*People* v. *Tahtinen*, 50 Cal.2d 127, 131 [323 P.2d 442]; *People* v. *Anderson*, 126 Cal.App.2d 702 [272 P.2d 805]; *Krouse* v. *Justice's Court*, 103 Cal.App.2d 311 [229 P.2d 806].)

The People contend, however, that there is an implied consent to the date fixed by the court for trial and therefore an implied waiver of the right to be tried within the statutory period even though the defendant is not represented by counsel at his arraignment and the court does not advise him in accordance with the statute if the defendant thereafter and before the expiration of the 30 days employs counsel. We cannot agree.

Under this statute it is definitely the duty of the trial court at the time it sets the case for trial to advise the defendant of his rights to an early trial if the date chosen by the court is one beyond the statutory period. ▮ It seems to us apparent, therefore, that where a defendant is not represented by counsel at his arraignment and the court then sets the case for trial on a date beyond the 30-day period, that no waiver of time occurs solely by reason of the fact that he thereafter employs counsel in the absence of any showing that counsel was advised of the fact that the court had not advised the defendant of his right to an early trial at the time the case was set for trial and after being so advised had reasonable opportunity but failed to object to the trial date. Counsel on being employed would have the right to assume, until he was advised to the contrary, that the court in setting the case for trial had performed its duty and advised the defendant of his rights and that therefore there had been a waiver by his client of the time for trial.

In the present case the fact that petitioner's counsel sought discovery of certain records from the People is no evidence whatsoever of a waiver by defendant of his right to trial within the statutory period for there is no showing that at the time he sought discovery that he knew that his client at his arraignment had not waived his right to be tried within 30 days nor any showing that the client was then advised of his right to be tried within 30 days. Under these circumstances it could not be held that there was a voluntary relinquishment of a known right.

▮ The People further contend that inasmuch as the record establishes that petitioner's counsel discovered on December 6th that the case was set for trial beyond the 30-day period and that his client had not been advised of his right to an early trial at the time the case was set, petitioner should have then moved the trial court to advance the trial from the 8th to the 7th of December and that having failed so to do his failure constituted a waiver of his right to trial within the statutory period. The law does not require useless acts. Whether it would have been useless for petitioner to move on one day's notice to advance a case for trial is a matter peculiarly within the knowledge of the judge of the respondent court who, as we have said, impliedly found there was no waiver.

The action having been set for trial beyond the 30-day period and petitioner not having waived his rights to an

early trial at the time the action was set, and the trial court having held that under the facts he did not thereafter waive his rights, petitioner is entitled to be discharged. We do not hold that even though the trial court fails to perform the duty placed upon it by section 1382 of the Penal Code it may not thereafter rectify its error by either advancing the trial date or giving defendant timely opportunity to consent or object to the trial date originally set, nor do we hold that a defendant although not advised by the trial court in accordance with section 1382 may not, if he is otherwise advised as to his rights, so act or fail to act as to waive his right to trial within the 30-day period. We only hold that the defendant here did not, at the time the case was set for trial, waive his rights and that the question of whether he thereafter waived them was one of fact determined in his favor by the trier of facts.

The alternative writ is discharged. Let a peremptory writ of mandate issue directing the respondent court to dismiss the action.

Ford, J., concurred.

VALLÉE, Acting P. J., Concurring.—I agree with the majority of the court that a peremptory writ of mandate should issue compelling the respondent court to dismiss the action. It is my opinion, however, that when petitioner, upon being booked after his arrest, posted and was released on bail, he was brought within the jurisdiction of the court within the meaning of section 1382, subdivision 3, of the Penal Code and that the 30-day period fixed by the statute commenced to run at the time he was admitted to bail.

A petition for a rehearing was denied July 18, 1961, and the petition of the real party in interest for a hearing by the Supreme Court was denied August 23, 1961.