[Civ. No. 37161. Second Dist., Div. Three. May 28, 1971]

PATRICK ALLEN CALLAHAN, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE INGLEWOOD JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Appellant.

## Counsel

Evelle J. Younger, District Attorney, Harry Wood and Robert Lederman, Deputy District Attorneys, for Real Party in Interest and Appellant.

Milton Wasserman for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

## Opinion

**ALLPORT, J.**—The People appeal from an order of the superior court granting a peremptory writ of prohibition and from the judgment entered thereon. The judgment restrains the Municipal Court of the Inglewood Judicial District from taking any further proceedings against petitioner Patrick Allen Callahan and dismisses charged violations of Vehicle Code sections 14601, subdivision (a) (driving with a revoked or suspended license) and 23102, subdivision (a) (drunk driving).

The matter is before us on a transcript of the docket in the municipal court. This document discloses that defendant was arraigned on January 30, 1970, at which time he was advised of his constitutional rights including the right to a speedy trial to be held within 45 days. He was released on bail. (Pen. Code, § 1382, subd. 3.)[1] Trial was set for March 10, 1970.

---

[1]Penal Code section 1382 provides in part: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . . 3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arraigned if he is in custody at the time of arraignment, or in all other cases, within 45 days after his arraignment, or in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the inferior court, within 30 days after such mistrial has been declared, after entry of the order granting the new trial, or after the remittitur is filed in the trial court or, if the new trial is to be held in the superior court, within 30 days after the judg-

On March 4, 1970, the cause was advanced on the calendar at which time defendant moved for a continuance. His motion was granted. The case was reset for April 14, 1970. On January 30 and March 4 defendant was without counsel. On April 14, 1970, a motion by his counsel to dismiss pursuant to Penal Code section 1382, subdivision 3, was made and denied. The cause was trailed until April 15, 1970, on which date the petition for writ of prohibition was filed. The record does not indicate that defendant requested any particular trial date or that he objected to the date upon which trial was set by order of the court.

 It was successfully argued by defendant before the superior court that, in the absence of counsel, consent to the establishment of a trial date in excess of the 45-day period provided in section 1382, subdivision 3, is ineffective unless the court explains to the defendant his rights under this section and the effect of his consent to the new trial date. It is suggested on appeal that, since defendant was not asked to waive his right to a speedy trial and did not specifically ask for a date in excess of 45 days the trial date of April 14, 1970, was constitutionally defective. We do not agree.

We believe a fundamental difference exists between a situation where the case is continued on motion of the court or the prosecution and a situation in which a defendant himself, knowing he has a right to be tried within 45 days, seeks a continuance, and it matters not by whom the actual date is selected. Consent is defined as: "A concurrence of wills. Voluntarily yielding the will to the proposition of another; . . ."[2] Where a continuance is sought by the court or by the prosecution, consent to both the fact of continuance and the date of trial by the defendant is required by definition. Under such circumstances the "explanation" provisions of section 1382 become effective. On the other hand, where the continuance is requested by the defendant, consent to the continuance and to the date of trial by the court and the prosecution is required, not consent by the defendant. Under the latter circumstances the "explanation" requirements of section 1382 do not come into play. The need for the safeguards provided by section 1382 is apparent where a defendant without counsel is asked to consent to

ment on appeal becomes final; except that an action shall not be dismissed under this subdivision (1) if it is set for trial on a date beyond the prescribed period at the request of the defendant or with his consent, express or implied, and the defendant is brought to trial on the date so set for trial or within 10 days thereafter or (2) if it is not tried on the date set for trial because of the defendant's neglect or failure to appear, in which case he shall be deemed to have been arraigned within the meaning of this subdivision on the date of his subsequent arraignment on a bench warrant or his submission to the court. If the defendant is not represented by counsel, he shall not be deemed under this section to have consented to the date for his trial unless the court has explained to him his rights under this section and the effect of his consent."

[2]Black's Law Dictionary—DeLuxe Fourth Edition.

a continuance by which action he may waive constitutional rights. The need for such protection is not apparent where all that is involved is agreement to a date for a continuance requested by a defendant aware of his right to be tried within the statutory period. If not satisfied with the date selected for the trial, be it within or without the statutory period, defendant may object to it as depriving him of his right to a speedy trial or upon any other legitimate grounds. If that objection is improperly overruled there exists adequate legal remedy to correct that error.

 Applying these principles to the case before us we conclude that the superior court was in error in granting the writ prohibiting the trial court from proceeding with this case. The trial was originally set for March 10, 1970, which was within the statutory limitation. Defendant was advised of his right to a speedy trial to be held within 45 days of the date of his arraignment. Defendant advanced the matter on the calendar and on March 4, 1970, sought a trial continuance. The motion was granted and the case set for April 14, 1970. The record does not establish who chose the particular date but if we presume in support of the judgment that the date was selected by defendant then the dismissal was clearly erroneous. (Pen. Code, § 1382, subd. 3.) If, on the other hand, the date was selected by the court or by the prosecution, there was no objection thereto registered at any time prior to the calling of the case for trial as scheduled. Under the circumstances of this case we hold that the explanation requirement of the last sentence of section 1382 is not applicable. Defendant's constitutional and statutory rights to a speedy trial were not violated.

Defendant relies upon the cases of *In re Smiley,* 66 Cal.2d 606 [58 Cal. Rptr. 579, 427 P.2d 179]; *Brewer* v. *Municipal Court,* 193 Cal.App.2d 510 [14 Cal.Rptr. 391]; *People* v. *Head,* 208 Cal.App.2d 360 [25 Cal. Rptr. 124], and *People* v. *Contrerai,* 172 Cal.App.2d 369 [341 P.2d 849], in support of dismissal. This reliance is misplaced. None deals with the problem of a continuance requested by an unrepresented defendant who had been advised of his constitutional and statutory rights to a speedy trial.

 It has been held that Penal Code section 1382 is supplementary to and an application of the constitutional mandate of the right to a speedy trial. (*People* v. *Godlewski,* 22 Cal.2d 677, 682 [140 P.2d 381].) It is settled that under certain circumstances these statutory and constitutional rights may be waived. The assertion of the right to a speedy trial must be made, if at all, in the court where the prosecution is pending, and *prior to the commencement of the trial (People* v. *Newell,* 192 Cal. 659, 669 [221 P. 622].) In *People* v. *Wilson,* 60 Cal.2d 139 [32 Cal.Rptr. 44, 383 P.2d 452], it was said at pages 146-147: "The right to a speedy trial, furthermore, will be deemed waived unless the defendant *both* objects to the date

set *and* thereafter files a timely motion to dismiss. Such a rule is the logical consequence of the fact that the objection and the motion to dismiss serve different purposes; and it is the rule laid down by the California decisions. To begin with, it is settled that 'When a defendant fails to *object at the time a cause is set for trial* beyond the statutory period, consent is presumed.' (Italics added.) (*People* v. *Taylor* (1959) *supra*, 52 Cal.2d 91, 93 [338 P.2d 377]; *People* v. *Tahtinen* (1958) *supra*, 50 Cal.2d 127, 131 [323 P.2d 442]; *Ray* v. *Superior Court* (1929) 208 Cal. 357, 358 [281 P. 391].) The twofold purpose of this requirement is well explained in *People* v. *Lind* (1924) 68 Cal.App. 575, 579 [229 P. 990]: 'First, by calling the attention of the trial court to the facts upon which the objection is founded, it may serve to procure an earlier trial of the defendant and thus earlier end his durance or encompass his conviction. Second, the objection must be made as a forerunner to a motion to dismiss, for it has been uniformly determined that on appeal an order denying the motion will be affirmed if the record does not show that the objection was made.' (In support of the latter proposition, see *People* v. *Miller* (1961) 190 Cal.App.2d 361, 365 [11 Cal.Rptr. 920]; *People* v. *Baker* (1958) 164 Cal.App.2d 99, 102-103 [330 P.2d 240]; *People* v. *Hocking* (1956) 140 Cal.App.2d 778, 782 [296 P.2d 59].)" Here defendant was aware of his right to be tried within 45 days. He asked for a continuance. He selected or acquiesced in the date. For the reasons stated above we do not deem the explanation required by section 1382, subdivision 3, controlling. Under the circumstances of this case defendant waived objection to the date of trial.

The order and judgment appealed from are reversed.

Schweitzer, J., concurred.

**COBEY, Acting P. J.**— I dissent. I would affirm. Defendant's request for a continuance cannot be held to be a waiver of his right to a speedy trial since the docket of the municipal court does not show that the continuance he requested was for a trial date beyond the prescribed period. (Cf. *In re Smiley,* 66 Cal.2d 606, 629-631 [58 Cal.Rptr. 579, 427 P.2d 179].) Likewise his failure to object then to the court's setting a trial date beyond the prescribed period cannot be held to be a consent to the setting and thereby a waiver of his right to a speedy trial in view of the fact he was not then represented by counsel and had not been properly advised, as required in such circumstances since 1959 by the last sentence of Penal Code section 1382, of his right to a speedy trial. (See *In re Smiley, supra,* at pp. 629, 631-632; *Burns* v. *Municipal Court,* 195 Cal.App.2d 596, 598 [16 Cal.Rptr. 64], hg. den.; *Hill* v. *Municipal Court,* 206 Cal.App.2d 257, 260 [24 Cal.Rptr. 34].) Waiver is the voluntary relinquishment of a known right

and the burden of proving waiver rests upon the party asserting it. (*Brewer* v. *Municipal Court,* 193 Cal.App.2d 510, 515-516 [14 Cal.Rptr. 391].) The People have not met this burden in this case.

My colleagues attempt to avoid this conclusion by judicial amendment of the statute. They hold that where a continuance is generally requested by a defendant, a trial setting by the court, on its own, beyond the prescribed period does not require consent by the defendant. I find nothing in the statute to support this strange conclusion.

The petition of the plaintiff and respondent for a hearing by the Supreme Court was denied July 21, 1971.