**In the Matter of MULKINS AND CRAWFORD ELECTRIC CO., aka Bob and Glen Electric Co., Glen K. Crawford and Robert C. Mulkins, individually, Bankrupts.**

**No. 68205.**

United States District Court
S. D. California, Central Division.

Sept. 28, 1956.

Haskell H. Grodberg, Los Angeles, Cal., for trustee in bankruptcy, petitioner on review.

Patricia J. Hofstetter, Marilynn K. Hofstetter, Whittier, Cal., for Glen K. Crawford, bankrupt, respondent on review.

BYRNE, District Judge.

The trustee has filed a petition for the review of an order made by the referee in which certain building and loan shares were held exempt to the bankrupt Glen K. Crawford.

In his schedules the bankrupt Crawford listed as an asset certain shares in Huntington Park First Savings and Loan Association of the value of $1,000, which he claimed as exempt under § 690.21 of the California Code of Civil Procedure.

1. Albert Pick Co. v. Travis, D.C.E.D. N.Y., 6 F.Supp. 486; In re Heintzelman Const. Co., D.C.W.D.N.Y., 34 F.Supp. 109.

The trustee refused to set the shares apart as exempt, upon the ground that they were "accumulative shares and not shares of stock of that character to which exemption can be allowed". After a hearing on the bankrupt Crawford's exceptions to the trustee's report, the referee held that the shares are "shares of stock in a building and loan association", hence exempt under § 690.21 of the Code of Civil Procedure.

Section 690.21 exempts from execution and attachment (consequently allowed in bankruptcy, 11 U.S.C.A. § 24), "Shares of stock in any building and loan association to the value of one thousand dollars." The sole issue for determination is whether the shares in question are "shares of stock in a building and loan association".

The California Savings and Loan Association Law, which regulates building and loan associations, or savings and loan associations as they are now known,[1] provides in § 6400 of the Financial Code:

> "An association pursuant to its articles of incorporation or by-laws and this part, may issue *shares,* which constitute the holders members of the association, *or stock, or both shares and stock.*" [Emphasis added.]

Section 5067 of the same code, in defining shares, provides: " 'Shares' means withdrawable shares of an association. Shares constitute and may be designated 'membership shares.' * * * " Section 5068 provides: " 'Stock' means guarantee stock of an association."

■■ Apparently the use of the word "shares" in the phrase "Shares of stock" as used in § 690.21 of the Code of Civil Procedure and the term "shares" as defined in § 5067 and used in § 6400 has resulted in confusion. "Shares" as used in § 5067 and § 6400 is the designation of a property interest in a savings and loan association as defined and limited by the articles of incorporation of the association and the laws governing such association. The word "shares" in the phrase "Shares of stock", found in § 690.-21 of the Code of Civil Procedure, refers to an aliquot part of the total capital stock of an association or corporation.

It is clear that the legislature intended to give exclusive meanings to each of the terms "shares" and "stock" as used in § 6400, and it cannot be questioned that under the Savings and Loan Association Law a marked distinction is made between "withdrawable accumulative shares" and "stock".

The stock exemption provided in § 690.21 is supplemented by § 7611 of the Financial Code as follows:

> "The shares of associations *issuing neither stock* nor investment certificates, and the dividends credited thereon are exempt from attachment or execution * * * to the value of one thousand dollars ($1,000)." [Emphasis added.]

■ The Huntington Park First Savings and Loan Association was authorized to and did issue guarantee stock on the date it issued to the bankrupt[2] a "Certificate of Contingent Interest in Shareholders' Surplus of Huntington Park First Savings and Loan Association", which certified that the holder was the owner of withdrawable accumulative shares of the Association.

The shares here in question are not stock, and therefore do not come within the exemption of § 690.21 of the Code of Civil Procedure, and, being shares of an association *which issues stock,* they

---

1. Prior to 1953 the law relating to building and loan associations was known as the "Building and Loan Association Law". In 1953 § 5000 of the California Financial Code was amended to provide, "This division is known and may be cited as the Savings and Loan Association Law." In 1955, § 5025 was added to the Financial Code and provided that whenever in the laws of the State, the words "building and loan association" appear, they shall mean "savings and loan association".

2. The shares were actually issued to the bankrupt's wife, but it was stipulated that they were the community property of the bankrupt and his wife.

do not qualify for exemption under the provisions of § 7611 of the Financial Code. It follows that the order of the referee must be reversed.

Counsel for the petitioner is requested to prepare, serve and lodge a formal order in accordance with Rule 7 of the Rules of this Court.