12 Cal.Rptr. 254]

## Appellate Department, Superior Court, Los Angeles

[Civ. A. No. 10217.   Mar. 17, 1961.]

CONTRACT LIQUIDATOR CORPORATION (a Corporation), Respondent, v. BERTHA BLUNT, Appellant.

Jones & Tollefson for Appellant.

Leslie W. Barnes for Respondent.

SWAIN, P. J.—Pursuant to judgment herein, on November 1, 1960, the plaintiff caused a writ of execution to be levied by the Marshal of the Municipal Courts of the County of Los Angeles on all personal property, money and credits in the possession or under control of the San Fernando Valley Federal Savings and Loan Association, belonging to the defendant. The Savings and Loan answered, "I am holding under said garnishment the following property belonging to the defendant (Pending final action on Affidavit and Claim of Exemption a copy of which is attached) Savings Share Account in the sum of $419.09 . . . and standing in the name of Bertha Blunt."

The defendant had filed with a marshal an affidavit claiming exemption from execution of her "share account and all funds on deposit" with the savings and loan association, under the provisions of section 690.21 of the Code of Civil Procedure and sections 7611 and 11000 of the California Financial Code.

The plaintiff filed an affidavit in opposition to the claim of exemption, stating "That the claim of exemption filed on behalf of defendant is not valid as the cited Code Section therein applies to share accounts, and the return of the garnishee states that this is a savings account, and therefore not entitled to exemption."

The trial court disallowed defendant's claim of exemption. She appeals from that order which, under Code of Civil Procedure, section 690.26, subsection (10), is a judgment. We are of the opinion that the defendant's savings share account was a "share account" as that term is used in Financial Code, section 11000, and, being less than $1,000, was wholly exempt from execution under that section plus Financial Code, section 7611, and Code of Civil Procedure, section 690.21.

Financial Code, section 11000, provides: "Every federal savings and loan association incorporated under the provisions of the Home Owners' Loan Act of 1933, as now or hereafter amended, and the holders of shares or share accounts issued by any such association, respectively, have all the rights, powers, and privileges, and are entitled to the same exemptions and immunities granted, respectively, to savings

and loan associations organized under the laws of this State and to the holders of investment certificates, membership shares, or guarantee stock of domestic associations." Financial Code, section 7611, provides: "The shares of associations issuing neither stock nor investment certificates, and the dividends credited thereon are exempt from attachment or execution and proceedings supplementary thereto to the value of one thousand dollars ($1,000)." Code of Civil Procedure, section 690.21, provides: "Shares of stock in any building and loan association to the value of one thousand dollars" are under Code of Civil Procedure, section 690, exempt from execution or attachment.

We shall first discuss the nature of a savings share account in a federal savings and loan association. Title 12 Code of Federal Regulations, section 541.3, provides: "The term 'capital' means the aggregate of the payments on savings accounts in a Federal association, plus earnings credited thereto, less lawful deductions therefrom." Title 12 Code of Federal Regulations, section 541.4, provides: "The term 'savings account' means the monetary interest of the holder thereof in the capital of a Federal association and consists of the withdrawal value of such interest."

A federal savings and loan association is a mutual thrift institution. (12 U.S.C.A. § 1464, subsec. (a).) Even the organizers of a federal savings and loan association have no capital investment in the association except the amounts they have paid into a savings account. Their subscription is in the following form, ". . . the undersigned hereby subscribe for the amount of capital indicated below, and contract to pay into a savings account, upon the issuance of a charter, the amount of cash stated opposite their respective names below." (Tit. 12, Code of Federal Regulations, § 543.3.) All persons who deposit money with a savings and loan association are members.

Paragraph 3 of the charter of a federal savings and loan association, whether charter N or charter K revised (these are the only charters currently issued), provides, the association shall have power "(6) To raise its capital, which shall be unlimited, by accepting payments on *savings accounts* representing *share interests* in the association." (Emphasis added.) Paragraph 4 of each type of charter provides, "All holders of the association's savings accounts are . . . members. In the consideration of all questions requiring action by the members of the association, each holder of a savings account

shall be permitted to cast one vote for each $100, or fraction thereof, of the withdrawal value of his account." (Tit. 12, Code of Federal Regulations, § 544.1.)

Horace Russell, formerly General Counsel to the Federal Home Loan Bank Board under whose jurisdiction fell the federal savings and loan system, in his book "Savings and Loan Associations" states, page 437, "The concept of mutuality, however, means that the ownership and power of control rests with the members who are borrowers and savers, and savings accounts are 'ownership' accounts, rather than debts of the institution. This accounts for the widely used terminology of *'share accounts.'* " (Emphasis added.)

It is apparent from the foregoing that a savings share account and a share account in a federal savings and loan association are one and the same thing.

The defendant's share account in the San Fernando Valley Federal Savings and Loan Association being less than $1,000 is wholly exempt from execution under Financial Code, section 7611, because it is a member share and under Financial Code, section 11000, it has the same exemption which is granted to holders of membership shares in a domestic savings and loan association. Under Financial Code, section 7611, shares of certain domestic savings and loan associations are exempt from execution to the value of $1,000. We are not concerned with domestic savings and loan associations whose shares are not exempt from execution, i.e., those which issue stock or investment certificates, because as long as shares of any domestic association are exempt, the holder of shares or share accounts in a federal building and loan association has the $1,000 exemption from execution.

The defendant's share account is also exempt from execution under Code of Civil Procedure, section 690.21, although it is clear that a share or share account in a federal building and loan association is not stock. Financial Code, section 5068, provides: " 'Stock' means guarantee stock of an association." A federal building and loan association, being a mutual organization, issues no stock of any kind, guarantee or otherwise. *In re Pacific Coast Building-Loan Assn. of Los Angeles* (1940), 15 Cal.2d 134 at p. 142 [99 P.2d 251] points out that there is a sharp distinction between guarantee stock and membership shares. That case deals with a domestic association but it is important because we are considering the meaning of "stock" as used in a state statute, viz., Code of Civil Procedure, section 690.21. Although the defendant's interest in the San Fernando

Valley Federal Savings and Loan Association is not stock it is exempt under Code of Civil Procedure, section 690.21, because Financial Code, section 11000, gives it the same exemption from execution that a holder of guarantee stock in a domestic savings and loan association has. That exemption, we repeat, is $1,000.

The judgment, designated in the notice of appeal as ''order disallowing defendant's claim of exemption,'' is reversed with instructions to adjudge that the defendant's account in the San Fernando Valley Federal Savings and Loan Association which was garnisheed herein, is exempt from execution; costs of appeal to appellant.

Huls, J., and Smith, J., concurred.