In the Matter of John Peter QUILICI, Bankrupt.

Edward M. WALSH, Appellant,

v.

John Peter QUILICI, Appellee.

No. 25849.

United States Court of Appeals, Ninth Circuit.

Oct. 29, 1970.

Harvey W. Hoffman, San Francisco, Cal., for appellant.

Dunivan, Wies & Silver, Hayward, Cal., for appellee.

---

Before KOELSCH, CARTER and HUFSTEDLER, Circuit Judges.

PER CURIAM:

The bankrupt in this action claimed as exempt property, a deposit of $1,000 in a savings and loan association organized under California law. The trustee refused to allow the exemption. The referee allowed the exemption. The district court, on review, affirmed the order of the referee. We reverse.

Under the Bankruptcy Act, exemptions are governed by state law, 11 U.S.C. § 624. § 690.21 of the California Code of Civil Procedure provides that *shares of stock* in any building and loan association are exempt to the extent of $1,000. § 7611 Calif. Financial Code, provides that the *shares* of associations, issuing neither stock nor investment certificates, are exempt up to the sum of $1,000. The referee specifically found that the association issued stock.

A sharp distinction exists between the shares of an association and its stock, In re Pacific Coast Bldg. and Loan Ass'n, 15 Cal.2d 134, 142, 99 P.2d 251 (1940). "Stock", is defined as "guarantee stock", Calif. Fin. Code § 5068. "Shares", are defined as "withdrawable shares constituting * * * membership shares", Calif. Fin. Code § 5067.

Judge Byrne's decision, In the Matter of Mulkins and Crawford Electric Co., (D.C.S.D.Cal.1956) 145 F.Supp. 146, squarely decided the issue we confront. There the state savings and loan association issued stock and also issued to the bankrupt a certificate for money deposited. Judge Byrne concluded that the shares did not come within § 690.21 of the California Code of Civil Procedure (which refers to stock) and did not come within the exception as to shares under § 7611 of the Calif. Financial Code. The opinion in Love v. Menick, (9 Cir. 1965) 341 F.2d 680, written by Judge Ely, is not contrary. There the money was deposited with a federal savings and loan association. § 11000 of the Calif. Financial Code provides that the holders of shares or shares accounts in federal savings and loan associations shall have the same exemption as granted in connection with state savings and loan associations. The referee declared the deposit not exempt, the district court affirmed the referee, and the circuit reversed.

Love v. Menick, supra, cited § 7611 of the Calif. Financial Code. It did not discuss the provision therein that shares in state savings and loan associations are exempt only when the association issues neither stock nor investment certificates. "A federal building and loan association, * * * issues no stock of any kind, guarantee or otherwise." Contract Liquidator Corp. v. Blunt, 190 Cal.App.2d Supp. 875, 12 Cal.Rptr. 254 (App.Dept. L.A. Superior Ct.). Therefore under § 7611, Calif. Financial Code, the *shares* in the federal savings and loan association in Love v. Menick, were exempt.

The decision in Mulkins and Crawford Electric Co., supra, and in Love v. Menick, supra, are not inconsistent.

The judgment is reversed and remanded to the district court for further proceedings consistent with this decision.